## McEntee vs. The State.

*Indictment for robbery : Verdict, guilty of larceny — Description of property.*

1. In an indictment for robbery, the property was described as "one wallet of the value of seventy-five cents; one United States note, commonly called greenback, of the value of ten dollars; two bills purporting to be issued by some national bank, so called, of the value of five dollars each, of the moneys and property of," etc. *Held,* sufficient.
2. The indictment was for *robbery* from the person of P. C.; and the jury found defendant "guilty of *larceny*," and found the value of the property, and that it consisted of several articles (described as in the indictment) "taken from the person of P. C." *Held,* that this was sufficient to support a judgment for simple larceny, under section 16, chapter 165, R. S., but not for stealing from the person, under section 15 of that chapter.

ERROR to the Circuit Court for *Crawford* County.

*McEntee* was indicted in said court, the indictment charging, with specification of time and place, that he, "upon one Peter Coleman, feloniously did make an assault, and the said Peter Coleman then and there feloniously did put in fear, and one wallet of the value of seventy-five cents ; one United States note, commonly

called greenback, of the value of ten dollars, and one United States note, commonly called greenback, of the value of two dollars; two United States notes, commonly called greenbacks, of the value of one dollar each; two bills purporting to be issued by some national bank, so called, of the value of five dollars each, of the moneys and property of said Peter Coleman, then and there from the person and against the will of the said Peter Coleman, then and there feloniously and by fear and violence, did rob, steal, take and carry away, he, the said *Patrick McEntee*, not then and there being armed with a dangerous weapon, against the peace," etc.

The verdict was as follows : " We, the jurors, find the defendant, *Patrick McEntee*, guilty of larceny, and find the value of the property to be twenty-two dollars and seventy-five cents, consisting of one ten-dollar United States note, of the value of ten dollars ; two one-dollar United States notes, of the value of one dollar each ; two bills purporting to be issued by some national bank, so called, of the value of five dollars each ; also one wallet, of the value of seventy-five cents, taken from the person of Peter Coleman."

The papers returned with the writ of error include what purport to be copies of the following : 1. The indictment. 2. The charge of the court. 3. The verdict. 4. The "judgment." 5. The "journal." 6. The "record." The last named, immediately after the verdict, contains the following statement: "And afterward, to wit, on the 18th day of November, 1868, the prisoner, *Patrick McEntee*, was brought into court, and the court delivered the following sentence : 'The sentence of *Patrick McEntee* is imprisonment in the state prison for the term of two years to hard labor, and one day solitary confinement.' Attest, *N. McCartney*, Clerk." Then follows a motion in arrest of judgment, with a statement that the same was overruled, and that defendant excepted. The "journal," after the verdict,

states: "And the prisoner was brought into court on the 19th day of November, at 4 P. M., and the court passed the following sentence: 'The sentence of *Patrick McEntee* is imprisonment,'" etc., etc., as above. The "copy of judgment," after reciting the motion in arrest of judgment, and the order overruling the same, and the exception taken, adds: "Whereupon it is ordered and adjudged by the court now here, that the defendant, *Patrick McEntee*, be punished by confinement in the state prison at hard labor for the term of two years, and to solitary imprisonment in said state prison for one day. Done in open court this 19th day of November, 1868." Attested by the clerk.

To reverse this judgment, *McEntee* took his writ of error.

*M. M. Cothren*, for plaintiff in error.

*John C. Spooner*, Assistant Attorney General, for the state.

Cole, J. There being no bill of exceptions in this case, we can only consider such alleged errors as may appear upon the record. Among other objections taken to the proceedings upon the trial, is the one that the verdict is contrary to the instructions of the court. But, for the reason first given, it is obvious that these instructions are not before us.

It was claimed upon the argument, that the indictment was so defective that it would not sustain a conviction for any offense. This objection, however, was not seriously insisted upon. The indictment is undoubtedly rather inartistically drawn. It is said that the allegation in respect to the violence and putting in fear is so ambiguous that it would apply as well to the putting the defendant in fear as to fear excited on the part of Coleman, from whom the property was taken. But we think the indictment charges with sufficient clearness and certainty the felonious taking of the prop-

erty from the person of Coleman, against his will, by violence or by putting him in fear.

Another objection is, that the property taken is not described with sufficient certainty. But it seems to be well settled that no greater particularity is necessary in describing the property in an indictment for robbery than in a prosecution for larceny. That the description of the property would be sufficient in an indictment for the latter offense, see *Terry v. State*, 13 Ind. 70 ; *Commonwealth v. Sawtelle*, 11 Cush. 142 ; *Eastman v. Commonwealth*, 4 Gray, 416 ; *Commonwealth v. Stebbins*, 8 id. 492 ; *Hamblett v. The State*, 18 N. H. 384, and the authorities there cited.

Again, it is objected that the verdict is such an one that it will not support a judgment for any offense whatever. The indictment charged robbery by feloniously taking the property therein described from the person of Coleman, by violence, or by putting him in fear. The jury found the defendant guilty of larceny, and further found the value of the property to be twenty-two dollars and seventy-five cents, consisting, etc., "taken from the person of Peter Coleman." It is argued, by the Assistant Attorney-General, that, while the verdict is inartificial, the jury evidently intended to find, and did find, the defendant guilty of stealing from the person of Coleman the United States treasury notes, and national bank bills, and wallet, described in the indictment. The verdict will, doubtless, admit of this construction, without doing violence to the language employed ; but, still, it is not entirely clear that the jury found the defendant guilty of stealing the property from the person of Coleman. They certainly found the defendant guilty of larceny, and then proceeded to describe the property stolen, and its value. And the last clause of the verdict, "taken," etc., might have been intended as a still further description of the property stolen, and not that it was taken *by the defendant* from the person of Cole-

man. The verdict is what is termed in the books a partial one; the jury manifestly acquitting the defendant of the charge of robbery; and they may also have intended to acquit him of the inferior charge of stealing from the person. And in view of this uncertainty as to the real meaning of the verdict, and the doubt as to whether the jury intended to find the defendant guilty of stealing the property from the person of Coleman, we think it should only be held good for larceny, to the amount of twenty-two dollars and twenty-five cents. It is certainly clear, specific and sufficient to that extent. Mr. Chitty says, that, with respect to the form in which a verdict should be given, which partially convicts and partially acquits, it has been holden that it ought to find, specifically, not guilty of the higher, and guilty of the inferior charge; and that, if it merely find the defendant guilty of the inferior offense, it will be of no avail. But he remarks, that there are so many instances in which a verdict taking no notice of the aggravation has been regarded as sufficient, that it does not seem necessary to follow this technical form at the present day. 1 Chitty Cr. Law, 641; 2 East P. C. 518. In the case of special verdicts, the rule is very strict. There, all the circumstances constituting the offense must be found; and the court cannot supply a defect in the statement made by the jury on the record, by any intendment or implication whatever. 1 Chitty Cr. Law, 644; *State v. Duncan*, 2 McCord (S. C.) 129; *Commonwealth v. Call*, 21 Pick. 509; *Dyer v. Commonwealth*, 23 id. 402. In the present case, however, the jury obviously found the defendant guilty of stealing property to the amount of twenty-two dollars and seventy-five cents, described in the indictment; and he can be sentenced for that offense. *Commonwealth v. Duffy*, 11 Cushing, 145; *Moon v. State*, 3 Porter (Ind.) 438. The circuit court evidently sentenced the defendant under section 15, chapter 165, R. S.; whereas he should have been sentenced under the latter

clause of the next section.   When the property stolen
does not exceed the value of one hundred dollars, and
does exceed twenty dollars, the punishment by impris-
onment in the state prison cannot exceed the term of one
year.   It may, indeed, be a matter of grave doubt,
whether the record shows any proper judgment, under
the decisions in *Benedict v. State,* 12 Wis. 314; *Pegalow
v. State,* id. 534.   It is unnecessary to examine that ques-
tion, since there must be another judgment upon the
verdict, for the reason just given.

A still further objection was taken to the verdict.   It
was claimed that, upon an indictment for robbery, where
the jury find the facts essential to constitute robbery are
wanting, they cannot convict of stealing from the person,
or simply of larceny, even though the evidence would
warrant such a finding.   This position is untenable.   The
offense of robbery surely includes the less, but kindred,
offense of larceny; and it is well settled that, upon an
indictment for a greater offense, the jury may convict
of the less. 1 Archb. Cr. Pr. (Waterman's ed.) 601; 1
Chitty's Cr. Law, 638; *Dinkey v. Commonwealth,* 5
Harris, 126; Wharton's Cr. Law, §§ 383 *et seq.;* § 9,
chap. 179, R. S. 1858.

*By the Court.*—The judgment of the circuit court is
reversed, and the cause remanded for the proper judg-
ment upon the verdict.