DORA MILLER, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Indictment for larceny—what a sufficient description of the property taken.*

An indictment for stealing a sachel containing trade dollars, describing them as "sixty silver coins (of the kind usually known as dollars) of the value of one dollar each " is sufficient.

WRIT OF ERROR to the Court of General Sessions of the County of New York.

The plaintiff in error was jointly indicted with one Louisa Jeke for the larceny of a quantity of money from one Isabella Hollis, on January 28, 1880. She was tried in the Court of General Sessions on February 18, and convicted of grand larceny.

The testimony on the part of the prosecution tended to show that the complainant (Mrs. Hollis) was in a store in the afternoon of January 28; that she had with her a small leather sachel containing $62 in silver money (trade dollars); that the prisoner Miller came in after the complainant was seated at the glove counter, and first pressed against the complainant on the left side, so that she

moved her sachel to her right side to give the prisoner room.    The prisoner then went to the right side of the complainant and reached over her shoulder.    The complainant removed her hand from her sachel to take a pair of gloves, and at that moment the sachel was exchanged for one resembling it in appearance.

*Stewart & Vickery*, for the plaintiff in error.

*Benj. K. Phelps*, district attorney, for the people.

Daniels, J. :

The prisoner was convicted of the crime of grand larceny, for stealing $62, known as trade dollars, under an indictment which among other things charged her with stealing "sixty silver coins, (of the kind usually known as dollars) of the value of one dollar each." In support of the writ it is objected, as it also was at the close of the evidence upon the trial, that this was an insufficient description of the property stolen. But it is evident from the proceedings which were had in the case, and the facts as they are notoriously and generally known, that coin of the description of those taken are silver coin of the kind known as dollars, and of the value of $1 each. The description given in the indictment, as far as it extended, was, therefore, accurate in its nature, so that the substantial ground on which the objection rests is the point whether the coins should also have been designated as trade dollars. They were designated by that phrase in the laws of the United States, and were declared, in effect, to be silver coins of the United States. (U. S. R. S., § 3513.) And they afterwards retained that peculiar designation, although deprived of their quality as legal tender for the payment of debts. (Laws U. S., 1875–6, 215, § 2.) For they are still issued under the authority of the laws of Congress, and for that reason remain a portion of the silver coins of the United States. They were a lawful issue of silver coinage, but for no amount a legal tender in payment of debts, and having that quality they are properly known as silver coins, as dollars, and of the value of $1 each. To that extent their legal status was also properly given in the indictment. If it had been further alleged that they were silver coins of the United States, the description given of them would

have been sufficient within the tenor of the most critical of the authorities. The general rule prevailing on this subject is not quite so exacting. It is enough that there shall be such a description of the money as to call to mind the particular coins, thus identifying the articles stolen; but the words, and particular images and devices found on the coins, need not be mentioned. (2 Bishop Crim. Proc., 3 ed., § 704.) That seems to be the principle generally deducible from the authorities. An indictment, it has been said, must contain a certain description of the crime of which the defendant is accused, and a statement of the facts by which it is constituted, so as to identify the accusation, inform the defendant of the charge which he is called upon to defend, and enable him to plead the conviction or acquittal in any other prosecution for the same offense, and if the sense be clear, nice objections ought not to be regarded. (*McKane* v. *State*, 11 Ind., 195.) An indictment was there held sufficient which charged the stealing of $60 of the current gold coin of the United States, of the value of $60; and in *Terry* v. *State* (13 Ind., 70), the allegation that the accused had stolen "one bank note of the value of $5," was held to be sufficiently descriptive. A similar ruling was made in *Barker* v. *State* (48 Ind., 163), which sustained the sufficiency of an indictment of the same general nature. In *United States* v. *Rigsby* (2 Cranch C. Ct., 364), the statement that the property stolen consisted of "one silver coin of the value of fifty cents, of the goods, &c.," was held good. In *McEntee* v. *State* (24 Wis., 43), a portion of the statement of the charge consisted of the allegation that "two bills, purporting to be issued by some national bank, so called, of the value of $5 each," had been taken, and the conviction was sustained; and in *Commonwealth* v. *Gallagher* (16 Gray, 240), a complaint which charged the stealing of "copper coin of the value of two dollars and seventy-five cents," was considered sufficiently descriptive and good. *People* v. *Green* (15 Cal., 512), also substantially sanctions the indictment on which the prisoner in the case now before the court was convicted. In *State* v. *Evens* (15 Rich., 31), the property was held to be properly described where it was stated to be "a ten-dollar bill of the currency of the country, commonly called paper money, of the value of ten dollars." These authori-

ties appear to be a sufficient warrant for the indictment in this case, and to require that the objection now raised on behalf of the prisoner should be overruled.

The evidence given during the trial directly implicated her as the guilty person. Her proximity to the property, her change of position as that was changed, and her efforts, apparently made to obtain it, at the time it must have been taken, justified the conclusion arrived at by the jury. The value of the coins taken was disclosed in terms warranting the inference that it had been properly charged. They were stated by the witness to be $62 in money, in silver money; also, that they were trade dollars, which had just been collected from a firm which the complaining witness and her husband dealt with. And her cross-examination was carried on by means of questions assuming the coins taken to have been dollars and money. No evidence of a different nature was produced. The case was made out with all reasonable certainty, and as the indictment was sufficiently particular as to this charge, the conviction should be affirmed.

Brady and Barrett, JJ., concurred.

Judgment affirmed.