Nov. Term,
1859.
─────
TERRY
v.
THE STATE.

pension of the work, or a procuring of such suspension. A full and leading case upon this point, is found in 13 How. 307. Same case in 1 Am. Railw. Cases, p. 70.

────── •─•─◦─• ──────

TERRY v. THE STATE.

An indictment for robbery alleged that on, &c., at, &c., the said, &c., did commit an assault, &c., and did then and there unlawfully, forcibly, and feloniously take from the person of him, the said, &c., one, &c., of the personal goods of him, the said, &c., by violence to the person of him, the said, &c., and by putting him in fear. *Held,* sufficient without alleging that the taking was against the will of the person robbed.

The indictment described the property thus: "One pocket-book of the value of fifty cents, one bank note of the value of ten dollars, one bank note of the value of five dollars, one piece of gold coin, of *American* coinage, of the value of five dollars." *Held,* that the description was sufficient.

No more particularity in the description of the property, is required in an indictment for robbery than in an indictment for larceny.

An indictment for robbery need not allege a carrying away.

What weight, if any, should be given to the statements of a witness who has been impeached by general evidence; or to the uncontradicted statements of a witness whose testimony has been, as to some points, successfully attacked by other witnesses—is a question for the jury.

An instruction to the jury, assuming that there has been no impeachment of a witness, and that there is but one mode of impeaching a witness, namely, by evidence of general bad character, was held to be erroneous.

*Monday,*
*November 28.*

APPEAL from the *Carroll* Circuit Court.

HANNA, J.—Indictment for robbery. Motion to quash overruled. Judgment of guilty, over a motion for a new trial.

Three points are presented on the motion to quash—

*First.* That it is not alleged that the taking was against the will of the person robbed.

We think that the averment is sufficient. It is, that on, &c., at, &c., the said, &c., did commit an assault, &c., and did then and there unlawfully, forcibly, and feloniously take from the person of him, the said, &c., one, &c., of the personal goods of him, the said *Eli Hoff*, by violence to the person of him, the said, &c., and by putting him in

fear.    This substantially covers the statutory definition of the offense.

The second point is, that the property taken is not sufficiently described.    The averment is: "One pocket-book of the value of fifty cents, one bank note of the value of ten dollars, one bank note of the value of five dollars, one piece of gold coin, of *American* coinage, of the value of five dollars."

The statute is against forcibly and feloniously taking from the person any article of value by violence or putting in fear.    2 R. S. p. 402.

We suppose that no more particularity ought to be required in an indictment for this offense, in describing the property, than in a prosecution for larceny.    Whart. Crim. Law, § 346.—*Id.* 1703.

It has been held that where the indictment averred that the defendant stole a bank note of the value of 10 dollars, the description was sufficiently particular.    1 Mass. R. 337.    This case is cited, apparently with approbation, by this Court in *Engleman* v. *The State*, 2 Ind. R. 96.

The third point is, that the indictment does not charge a carrying away.

We cannot perceive that there is anything in this objection.    The position assumed in argument that a robbery is a forcible larceny, and no more, is not sustained by reason or authority.

It is insisted that the finding is not sustained by the evidence, because *Hoff*, the principal witness, although he testified to the robbery, so contradicted himself upon cross-examination, and was contradicted by the evidence of other witnesses to such an extent, as to entirely invalidate his testimony.    This was a question for the jury and the Court below, and we do not think it is such a case as we should interfere in, according to the former decisions of this Court.

During the progress of the trial, the state called a witness, by whom proof was made as to the personal appearance, manner, and condition of the apparel, of the defendant, on the evening of the day of the imputed crime, at

the time witness met him on his way to *Delphi*. The distance at which this meeting took place, from where the crime was alleged to have been committed, or the precise time that had elapsed, are not shown. Upon cross-examination of this witness, the defendant offered to prove his declarations made, at the time of the meeting, to the witness in reference to, or explanation of, his, then, appearance, &c. The evidence was not admitted. As the distance that intervened, or time that had elapsed, as before stated, do not fully appear, we will not decide this point, especially as the case will have to be reversed upon another point, and the facts will, without doubt, be more definitely settled, upon another trial, in regard to this question. But see 1 Greenl. Ev., § 108, and note; 3 Ind. R. 355; *Scaggs* v. *The State*, 8 S. and M. 722.

The last point made, is upon the ruling of the Court in reference to instructions given and refused. That asked and refused was as follows:

"When a witness stands impeached, the jury should wholly disregard his statements, unless corroborated by other evidence, as unworthy of belief, touching all matters about which he testified."

This instruction was properly refused. What weight, if any, should be given to the statements of a witness who may be impeached by general evidence; or in reference to the uncontradicted statements of a witness whose testimony has been, as to some points, successfully attacked by other witnesses, is a question for the jury.

The charge given, being upon the same point, was as follows:

"There has been no impeachment of *Eli Hoff* in this case, and his testimony must stand good, and be entitled to full consideration from the jury. In order to impeach a witness, it is necessary to call other witnesses to testify to the general bad character of the witness sought to be impeached, and that such witness would not believe him under oath. A witness may make contradictory statements, or make statements which are not, in fact, true, and, in either case, it will be the duty of the jury to glean

from his statements that which is false, and that which is true, and not wholly discredit his entire statements."

It is evident that this instruction is not the law, for at least two reasons; first, it assumes a fact, to-wit, that there had been no impeachment of *Hoff*. This was a question for the jury. Second, it, in effect, said to the jury that there was but one mode of impeaching a witness, to-wit, by evidence of general bad character. Certainly, a witness might so conduct himself, and so testify, whilst upon the stand, as to discredit his whole statements; and it is equally clear that he might be so contradicted by the evidence of other witnesses as to impeach his credibility without a single witness having testified as to his general character.

*Per Curiam.*—The judgment is reversed. Ordered, that the clerk give the proper notice to the keeper of the state prison, &c.

*J. H. Gould* and *A. H. Evans*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.