### DOUGHERTY *v.* THE STATE.

CRIMINAL LAW AND PRACTICE.—An information is sufficient, both to give the Court of Common Pleas jurisdiction, and to allow proof of a former conviction of the defendant for a like crime, which charges, that the defendant "on, &c., at, &c., did feloniously steal, take and carry away two horse-shoes, of the personal goods

Dougherty *v.* The State.

and chattels of *A*, of the value of 75 cents, and that, in default of 100 dollars bail, required by the committing magistrate, to secure his appearance at the next term of the *Allen* Circuit Court to answer said charge, the defendant was committed to the jail of *Allen* county, where he is now confined, and that there is no indictment now pending against him for said charge, and that at the *February* term, 1858, the said defendant was indicted in the *Allen* Circuit Court for the crime of petit larceny, and pleaded not guilty thereto, and was in said Court duly convicted of said charge and judgment was rendered in pursuance of said conviction."

APPEAL from the *Allen* Common Pleas.

DAVISON, J.—Prosecution for petit larceny. The information charges that *Michael Dougherty* on, &c., at, &c., did unlawfully and feloniously steal, take and carry away three horse shoes, of the personal goods and chattels of *William B. Brown*, and of the value of 75 cents; and he, *Michael*, in default of 100 dollars bail, required by the Mayor of the city of *Fort Wayne*, to secure his appearance at the next term of the *Allen* Circuit Court, to answer said charge, was committed to the jail of *Allen* county, where he is now confined, and that there is no indictment now pending against him for said charge. And further, that at the *February* term, 1855, the said *Michael* was indicted in the *Allen* Circuit Court for the crime of petit larceny; that he pleaded to the indictment, and was in said Court duly convicted of said charge, and judgment was rendered in pursuance of said conviction.

In the present case there was no motion to quash. Plea, not guilty. Verdict, that defendant "be imprisoned in the State prison for the term of time of three years," &c., and judgment upon the verdict.

The appellant, for a reversal, assumes two grounds: 1. The information does not allege that he was in custody on the same felony charged in the information. 2. That for aught that appears, the "petit larceny" with which he is charged

in this information, is the same identical "petit larceny" for which, as therein alleged, he was "indicted and convicted in the Circuit Court." These grounds do not seem to be well taken. It is expressly averred that "to secure his appearance," &c., "to answer said charge he was committed to the jail," &c., "where he is now confined." This averment is within the requirements of the statute, plainly sufficient to give to the Common Pleas jurisdiction of the crime charged, and of the person accused. Acts 1859, p. 91, sec. 2. As to the second ground, we think it was enough to allege the prior conviction for a petit larceny; see 2 R. S. p. 409, sec. 21; and whether such conviction had taken place, or if it had, whether it was for the same offence charged in the information, were questions to be settled by the evidence adduced on the trial.

*Per Curiam.*—The judgment is affirmed. ·

*McDonald & Roache,* and *A. J. Thornton,* for the appellant.
*Oscar B. Hord,* Attorney General, for the State.