## BRENNON *v.* THE STATE.

ROBBERY.—LARCENY.—In an indictment for robbery the description of the property taken need not be more particular than is required in charging a larceny.

SAME.—VIOLENCE.—On the trial of an indictment for robbery, the evidence showed that the accused was found standing astride the body of a man who was lying upon the ground drunk and unconscious; that he had taken from the pockets of the drunken man a pocket book and other property, and in doing so had turned the pockets inside out. The indictment charged the taking to have been by force and violence.

*Held,* that the case made by the evidence was not robbery, but larceny.

*Held,* also, that a sufficient degree of force to constitute violence was an essential ingredient of the crime as charged.

APPEAL from the *Marion* Common Pleas.

FRAZER, C. J.—This was an information for robbery. It sufficiently avers the facts necessary to give jurisdiction to the court, and charges in proper form the taking of divers articles from the person of one *Herron*, against his will, by force and violence. Various articles of personal property were alleged to have been thus taken, as a pocket book, a pair of bullet moulds, a watch chain, &c., and in addition thereto divers *United States* legal tender treasury notes, and other bank notes, the denominations and value of which, as well as the value of the other property, are alleged. The description of the notes was sufficient; it did not need to be more particular than in larceny. *Terry* v. *The State,* 13 Ind. 70.

The notes were properly put in evidence without notice to the defendant to produce them. It would be a novel doctrine that such notice must be given in order to render them admissible.

But a majority of the court do not hesitate to say that the evidence did not sustain the charge of robbery. *Herron* was lying on the ground at night in an unconscious state, the result of intoxication; the defendant standing astride his body, taking from his pocket the property and

putting it in his own, was discovered by policemen and fled. Except the fact that *Herron's* pockets were turned inside out, there was no proof of violence; indeed, the evidence was distinct that there was no other force used than such as was necessary for that purpose, and to transfer the property from the pocket of *Herron* to that of the defendant.

It may sometimes be a nice question, whether a case be robbery or larceny. Some physical exertion is usually necessary to commit the latter crime. This is force in a sense, but force is not always violence, an essential element of the robbery charged in the case before us. It is true, as was observed by this court in *Seymour* v. *The State*, 15 Ind., 288, that the particular degree of force necessary to constitute robbery is not defined, either by the statute or the common law; nevertheless it does not follow, and it would be contrary to all authority to hold, that any force is sufficient. There must be enough to constitute violence. Thus, it has been often holden that a sudden snatching from a person unawares is not sufficient. McCauley's Case, 1 Leach 287; Baker's Case, *id.*, 290, note *a*; 2 East's P. C., 702, 703. In *Rex* v. *Gnosil*, 2 C. & P., 304, it was held that "the mere act of taking being forcible will not make the offense a highway robbery; the force used must be   *    *   of such a nature as to show that it was intended to overpower the party robbed and prevent his resisting, and not merely to get possession of the property." But this language may be too broad, for it has been ruled that if the taking be by such violence as does injury to the party robbed, as in tearing a lady's ear in obtaining her ear ring, (Lapier's Case, 2 East P. C., 708,) or her hair in taking a diamond pin fastened therein, (Moores' Case, 1 Leach, 335,) it is sufficient. Indeed, *The State* v. *McCune*, 5 R. I., 60, and Mason's Case, Russ. & Ry., 418, go still further, and, as we think, to the very verge of the law, holding that if, in taking a watch, force enough be used to break a ribbon, in the one case, or a steel guard chain, in the other, by which the owner had attached the property to his person, it would be robbery. To go further

Brennon *v.* The State.

than this, would be to recognize no distinction whatever between robbery and larceny from the person, and we must do that in order to affirm the case before us. There is no motive, however good, which could justify us in doing this; and, in view of the statute requiring the prisoner to be returned to *Marion* county for trial, where he can be indicted and, doubtless, convicted of larceny and punished therefor, there would be not even an apology for failing to reverse the case.

The judgment is reversed, and a new trial ordered. The prisoner is ordered to be returned to *Marion* county, &c.

### DISSENTING OPINION.

GREGORY, J.—I am unable to give my assent to the opinion of the court as to the guilt of the appellant of the crime of robbery, with which he is charged in the information. Something is due to the ·finding of the court below. That court had a better opportunity than this to investigate the facts; it heard the witnesses testify. The exact evidence never can be transferred to the record. But it does appear that *Brennon*, the accused, was found in the night standing astride the body of *Herron*, the person robbed, rifling his pockets; that *Herron* was insensible, drunk with liquor, and in a deep sleep; that the pockets of the latter were found turned inside out; that, upon being discovered, *Brennon* fled, was pursued and arrested; that two pocket books, containing the treasury notes and other bills described in the information, and belonging to *Herron*, were found upon him. It is claimed that this is larceny and not robbery. The statute defines robbery to be the forcible and·felonious taking from the person of another any article of value by violence or putting in fear. 2 G. & H., § 18, p. 442. It has been decided by this court that, as the degree of force necessary to constitute robbery is not described in the statute, it is only necessary that the taking should be by means of force. *Seymour* v. *The State*, 15 Ind., 288; *Terry* v. *The State*, 13

Ind., 70. In *The State* v. *McCune*, 5 R. I., 60, the prisoner, whilst walking in a public street by night with a stranger, with the pretended purpose of guiding him to a livery stable where he might obtain a conveyance to carry him home, suddenly seized the watch of the stranger, which was in his vest watch pocket, with violence enough to break the silk ribbon watch guard, half an inch wide, about his neck, and exclaimed, "D—n you! I will have your watch," and fled with it, pursued by the stranger. It was held that this was highway robbery, as distinguished from stealing from the person, notwithstanding the stranger, who was a witness, could not swear that he feared anything at the time, except the loss of his watch; the threatening announcement by the prisoner, at the time, of his intent, accompanied by force sufficient to enable him to accomplish it, aggravating his offense to highway robbery, although surprise greatly aided him. Chief Justice AMES, in delivering the opinion of the court, says that this case is "a stronger case of taking by violence than Mason's Case, 1 Russ. & Ryan, 418, in which the taking was accomplished only by the force necessary, by two or three jerks, to break the steel guard chain about the neck of the prosecutor, without any announcement of a purpose, by way of threat, or laying on of hands." * * * * * "If there be violence sufficient to effect the evil intent, its degree does not seem to be of importance in characterizing the crime."

It would not take as much violence to rob a child or a woman as a robust man, yet violence enough to rob the child would be no less the crime of robbery. It would not take as much force to rob a man "insensible, drunk with liquor, and in a deep sleep," as it would a sober man, in the possession of all his faculties, yet, in my opinion, violence enough to rob the former would be no less the crime of robbery than it would be to rob the latter by all the force and violence necessary to accomplish the wicked purpose. In the judgment of mankind the former robbery would be even more reprehensible than the latter. When

the defendant was first discovered he was standing astride the body of *Herron* rifling his pockets. What the former had done before that is left to be presumed from the known facts. That he was feloniously taking the money and property of the latter is not denied. Have we not a right to infer that he used all the violence necessary to accomplish the wicked design? It would not be a very great stretch of imagination to presume that the accused had some agency in producing the "deep sleep" in which *Herron* was found.

I think the judgment of the court below was right, and that the appellant is now suffering the just penalty of his crime.

*R. L. Walpole* and *B. K. Elliott*, for appellant.
*W. W. Woollen*, for the State.