———o———

NEWCOME *v.* THE STATE.

INFORMATION.—PRACTICE.—That no affidavit against the defendant is filed with the information in a criminal case, is an objection which can only be reached by a motion below. It cannot be first made in the Supreme Court.

SAME.—An information for a felony, in the Common Pleas Court, alleged that the defendant was confined in the jail of the county on a charge of grand larceny, the identical felony thereinafter set forth, and that he had not been indicted by any grand jury of the county for said crime; that said defendant on, &c., at, &c., did feloniously steal, &c., one bay mare, of the value of $150, the personal property of A.

*Held,* that the information sufficiently charged the larceny, and showed jurisdiction in the Court of Common Pleas.

APPEAL from the *Orange* Common Pleas.

FRAZER, J.—1. That no affidavit against the defendant is filed with the information in a criminal case, is an objection which can only be reached by a motion below. It cannot be first made in this court.

2. An information alleging "that T. N. is now confined in the jail of *Orange* county, *Indiana,* on a charge of grand larceny, the identical felony hereinafter set forth, and that he has not been indicted by any grand jury of said county for said crime; and that at the said county of *Orange,* on," &c., "the said T. N. did feloniously steal, &c., one bay mare,

of the value of $150, the personal property of one O. T.," sufficiently charges the larceny, and shows the jurisdiction of the Court of Common Pleas. In *Flinn* v. *The State*, 24 Ind. 286, the offense for which the defendant was imprisoned was very particularly described, but there was no averment that he was guilty of that, or of any offense.

The foregoing propositions dispose of all the questions made in this case.

The judgment is affirmed, with costs.

*J. H. Stotsenburg* and *T. M. Browne*, for appellant.

*D. E. Williamson*, Attorney General, for the State.