## COMMONWEALTH *vs.* HUGH CAMPBELL.

An indictment for receiving as stolen goods "thirty yards of cloth," and "one coat," sufficiently describes the nature of the goods; and is sustained by proof that they consisted of "one piece of cassimere" and "one blue pilot cloth coat."

An indictment, which avers that the defendant received on a specified day goods "before then" stolen, may be sustained by proof of his receiving after the theft goods stolen on a later day.

On the trial of a shopkeeper for receiving stolen goods, evidence of what kind of business he carried on at his shop is admissible, although it does not appear that the goods were ever in the shop.

On a trial for receiving stolen goods, a witness for the Commonwealth testified, irresponsively to a question by the district attorney, that the defendant "had fighting dogs:" the defendant asked for no ruling upon this testimony; and the judge gave no special instructions upon it. *Held*, that the defendant had no ground of exception.

---

INDICTMENT for receiving on January 1, 1869, goods "before then" stolen, and described in the indictment as "thirty yards of cloth, of the value of one dollar and twenty cents each yard; thirty yards of cloth, of the value of one dollar and forty cents each yard; fifteen yards of cloth, of the value of one dollar and thirty cents each yard; one hundred yards of cloth, of the value of one dollar each yard; and one coat, of the value of sixteen dollars; of the goods and chattels" of persons named. Trial and verdict of guilty, in the superior court, before *Pitman,* J., who allowed exceptions in substance as follows:

" The evidence at the trial showed that the goods consisted of one piece of fancy cassimere; one or two pieces of tricot, black and brown; one piece of picque; one piece of King's Mill goods; one piece of blue pilot; one blue pilot cloth coat; and several pieces of doeskins and other kinds of goods which the witnesses had no account of and could not remember. The defendant requested the judge to rule that the property was not described with sufficient certainty in the indictment, and that the evidence did not support the description of the goods given in the indictment and was a variance therefrom. But the judge ruled that the goods were described with sufficient certainty in the indictment, and that the evidence supported the description.

" During the trial, one of the witnesses for the Commonwealth was asked by the district attorney what business the defendant was engaged in, and answered that he kept a shop. The district attorney then asked the witness what kind of business the defendant carried on at his shop. The defendant objected to the question as incompetent, but the objection was overruled, and the officer testified that the defendant kept a bar room and grocery. Two other witnesses for the Commonwealth afterwards testified that the defendant kept a grocery and bar room, one of them also testifying that the defendant had fighting dogs. But the only question permitted by the judge was as to the business carried on by the defendant at his shop; and no instructions were asked as to the evidence.

" The evidence showed the goods to have been stolen upon the night of February 4, 1869; and the defendant requested the

judge to rule, that, as the indictment alleged the goods, which the defendant was alleged to have received, to have been stolen before January 1, 1869, the defendant could not be convicted for receiving goods which were not stolen until February 4, 1869. But the judge declined so to rule, and ruled that the allegation of time was immaterial if the jury were satisfied that the goods were stolen before they were received by the defendant. To all which rulings the defendant excepted."

*A. O. Brewster*, for the defendant. 1. The description of the goods in the indictment was not certain enough, for the coat was of a particular cloth, color and cut, and each of the cloths, as also the coat, had obtained in common parlance a specific name. Declaration of Rights, art. 12. *Commonwealth* v. *Clair*, 7 Allen, 525. *Hooker* v. *State*, 4 Ohio, 348. *Pryor* v. *Commonwealth*, 2 Dana, 298. *Rex* v. *Halloway*, 1 C. & P. 127. 2 Russell on Crimes, (4th ed.) 313. *People* v. *Wiley*, 3 Hill, 194. *Commonwealth* v. *Brown*, 13 Met. 365, 368. *Commonwealth* v. *Merrifield*, 4 Met. 468. *Commonwealth* v. *Blood*, 4 Gray, 31, 33.

There was a fatal variance between the description in the indictment and the proof. The evidence should correspond strictly with the indictment as to the species of goods. *Commonwealth* v. *Clair*, *Hooker* v. *State*, *Pryor* v. *Commonwealth* and *People* v. *Wiley*, above cited.

2. The words " before then " referred to January 1, 1869, and although that particular date, as an averment of the time when the goods were received was immaterial, yet the Commonwealth, by reason of its unnecessary particularity, was limited by the indictment to proof that the goods were stolen before January 1, 1869. *State* v. *Newland*, 7 Iowa, 242. Rosc. Crim. Ev. 80. *Rex* v. *Hucks*, 1 Stark. 521. *State* v. *Dandy*, 1 Brev. 395.

3. There being no evidence showing that the goods were ever in the defendant's shop, it was immaterial to the issue what kind of business he carried on there. The district attorney, by his distinct and repeated offer of evidence that the defendant kept a bar room and fighting dogs, showed that he relied upon it in part as proof of the charge in the indictment, and intended to prejudice the defendant's cause; and the judge, although no in-

structions were asked, should have instructed the jury that this evidence was irrelevant and immaterial, and that they should not allow themselves to be prejudiced by its introduction. *Commonwealth* v. *Madden*, 1 Gray, 486. *Brown* v. *Gordon*, Ib. 182, 185. *Hall* v. *Power*, 12 Met. 482, 487. *Commonwealth* v. *Smith*, 2 Allen, 517.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J. 1. The description of the stolen goods, alleged to have been received by the defendant, as so many yards of cloth of a certain value was sufficiently definite, and was supported by proof that they were like pieces of any kind of cloth not manufactured into a different shape. *Regina* v. *Mansfield*, Car. & M. 140. *Commonwealth* v. *Brettun*, 100 Mass. 206. There was therefore no material variance in point of description.

2. By one of the most familiar rules of criminal pleading, the time which is required to be alleged need not be proved as laid. The indictment alleged, and the jury under the instructions of the court have found, that the goods had been stolen before they were received by the defendant. There was therefore no material variance in point of time.

3. Evidence of the kind of shop which the defendant kept, and the business which he there carried on, was admissible to inform the jury of his habitual occupation, and consequent opportunity to commit the offence charged against him, and thus assist them in determining whether he was guilty of that offence. In *Commonwealth* v. *Madden*, 1 Gray, 486, relied on by the defendant, the only point adjudged was that keeping a public house was not of itself proof of unlawfully selling intoxicating liquors; and the decision was not put, and could not be sustained, on any other ground. *Commonwealth* v. *Norton*, 16 Gray, 30. *State* v. *Wilson*, 5 R. I. 291.

The additional statement of one witness, that the defendant had fighting dogs, was not responsive to the question put by the district attorney, nor ruled by the court to be competent, and the defendant asked for no ruling upon it.

*Exceptions overruled.*