## BARKER *v.* THE STATE.

LARCENY.—*Indictment.*—*Description and Ownership of Stolen Property.*—An indictment for the larceny of divers gold and silver coins of the coinage of the United States described them as current gold or silver coins, giving their several denominations and values, and alleged that all said coins were the personal goods and chattels of a person named.

*Held,* that the description of the property and the allegation of ownership were sufficient.

INSTRUCTIONS TO JURY.—The court is not authorized to tell the jury that certain facts have been proved. Though the jury are the exclusive judges of what is proved by the evidence, still it may be summed up by the court; but instructions should be predicated on the whole evidence, and when they have a tendency to restrict the consideration of the jury to isolated facts, to the exclusion of other facts which are in evidence, it is not only a misdirection, but an infringement on the province of the jury.

SAME.—In charging a jury, the court has no right to assume the existence of a fact which the jury are required to find from the evidence.

SAME.—*Previous Character of Accused.*—The court instructed the jury that if they found the defendant guilty, they should consider, in determining the measure of punishment, what manner of criminal he was; whether young in crime, as he was in years, or young in years and old in crime; whether he had been seduced into the commission of the crime, or was a leader in crime and the seducer of others into the same path. The defendant had not put his character in issue, nor was there any evidence tending to show that he had been guilty of other crimes.

*Held,* that the instruction was erroneous.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

BUSKIRK, C. J.—The appellant was jointly indicted with Elias Moon for grand larceny. They were tried separately, and the appellant was convicted and sentenced to the state prison for two years and six months.

The court overruled a motion to quash the indictment, to which ruling an exception was taken.

The court overruled a motion for a new trial, and appellant excepted.

The court overruled a motion in arrest of judgment, and the appellant again excepted.

The objection urged to the indictment is, that it does not describe the property alleged to have been stolen with sufficient particularity, or the ownership thereof. The description of the property is as follows: "One pistol of the value of ten dollars; twenty-five dollars in money, to wit, twenty-five pieces of current silver coin of the United States, called half-dollars, of the value of fifty cents each; twenty-five pieces of current silver coin of the United States, commonly called quarter-dollars, of the value of twenty-five cents each; fifty pieces of current coin of the United States, of the denomination and value of five cents each; one piece of current gold coin of the United States, commonly called half-eagle, of the value of five dollars; one piece of current gold coin of the United States, of the denomination and value of one dollar; all then and there being the personal goods and chattels of James Osborn."

That the description of the property is sufficient, has been directly decided in *Terry* v. *The State*, 13 Ind. 70, where the language was: "One pocket-book of the value of fifty cents; one bank note of the value of ten dollars; one bank note of the value of five dollars; one piece of gold coin, of American coinage, of the value of five dollars." See, also, *Daily* v. *The State*, 10 Ind. 536; *Wills* v. *The State*, 4 Blackf. 457; *Dougherty* v. *The State*, 20 Ind. 442; *Brennon* v. *The State*, 25 Ind. 403; *Newcome* v. *The State*, 27 Ind. 10.

The averment as to the ownership of the stolen property was sufficient.

After describing the property, the indictment uses the language, "all then and there being the personal goods and chattels of James Osborn."

The court correctly overruled the motion to quash the indictment.

The motion in arrest of judgment was based upon a supposed defect in the verdict. Counsel are mistaken as to the language of the verdict. We think it was sufficient.

The second reason for a new trial was upon the ground that

the court had erred in giving the first, second, thirteenth, fourteenth, and fifteenth instructions. The first and second were clearly right.

The thirteenth, fourteenth, and fifteenth are as follows:

"13. Now you will not understand me as indicating to you, by the preceding reference to the evidence of the defendant being behind a tree at the supposed time of the larceny, that that is an admitted fact, but only as referring to it as one theory of this case; whether he was behind the tree, as he testifies, attending to one of the calls of nature, or was in the dwelling-house of James Osborn, is a question of fact for you to determine for yourselves from the evidence; and you will, on that point, believe the witness Moon or the defendant, Barker, on that point, as you may believe the one or the other under the circumstances entitled to credibility; and in determining the question of credibility of the two, you will take into consideration the facts and circumstances of this case as disclosed to you by the evidence; Moon, confessing his own guilt by his evidence, claims to be making a clean breast of the whole transaction, and to detail the facts and circumstances of the crime, in their *minutiæ* and detail, from the time it was, as he says, first suggested to him by the defendant, until its consummation and their escape a day or two later to the town of Danville, in the State of Illinois. A number of witnesses testify to having seen the parties, on the day of the larceny, in their conveyance *en route* to and from the vicinity of the residence of James Osborn; the time of their return home seems not to be questioned, as given by Moon. They were found together on the Tuesday after the alleged larceny, by Osborn and the constable. They fled. They met at the same house that night, at a distance of some miles from the point of their escape from the sight and presence of the constable and Osborn. They travelled together by day and by night, and reached the railroad. They take the same train, arrive at the same town in the State of Illinois, and are then arrested and brought back, and the defendant makes his escape from the sheriff of the county. Is it probable for a family visit, on the Sunday

before, a buggy ride, and a call of nature quietly attended to·
behind a tree, at a point reasonably distant from the public·
highway, he would on the Tuesday following have started at
the hour of the day or night he did start, and have to travel so·
far? Or is it more reasonable to conclude that his acts and
conduct were brought about from a disposition to escape the
merited punishment of his crime? But you will not mistake·
the situation, gentlemen, or imagine that I may suggest to you
what the evidence establishes in this case. I only throw out
a few suggestions for your consideration as to the probabilities
or improbabilities of certain conclusions to be drawn from cer-·
tain supposed facts; but you are exclusive judges of the cred-
ibility of the witnesses, and will determine for yourselves·
whether any fact or circumstance relied on as a link in the
chain of circumstances has been established or not; for you,.
gentlemen, are exclusive judges of all questions of fact in this
case.

" 14. As already suggested to you, gentlemen, if you find
the defendant guilty, you have a very large discretion left you
in relation to the amount of punishment you may inflict. You
may fine in any sum not exceeding double the value of the
goods stolen, and you will determine their value by the evi-
dence; and if doubts exist as to the value of the goods, the·
defendant will be entitled to the benefit of the doubts, and
therefore the fine may not exceed double the value of the
goods stolen, as clearly established to your satisfaction by the
evidence, beyond a reasonable doubt; and you may imprison
in the State's prison for any term of time you may agree upon,
not less than two nor more than fourteen years; or if the evi-
dence satisfies your minds of his minority, in consequence of
his minority, you may substitute imprisonment in the county
jail for any determinate period; and you may disfranchise and
render incapable of holding any office of trust or profit for any
determinate period.

" 15. I call your attention to these provisions of law, with the
hope and to the end that you may exercise them wisely, in
case you find the defendant guilty; for until you are satisfied·

by the evidence that he is guilty as charged, and that his guilt is established beyond a reasonable doubt, you have no discretion in the case, but must acquit the defendant; but if he is guilty beyond a doubt, it is but wise and judicious that you should inquire what manner of criminal he is; is he young in crime as he is in years? has he been seduced and led into this crime by one of superior years? if so, he is entitled to your tender consideration, and should not be punished only in a sufficient amount to fulfil the requirements of the law, and to impress others with the importance of obeying the law of the land. Or is he young in years and old in crime, well versed in all the cunning and shrewdness of an old criminal? and is he a leader, and has he seduced any young and inexperienced boy into the commission of a grave crime? if so, you owe a duty to society to remove from its midst a dangerous criminal, to the end that the young and tender youth may not be corrupted, that honest men's houses may not be unlawfully entered by thieves and burglars, and that the elective franchise secured to every honest man may not be exercised by the criminals of the country to the prejudice of the rights of honest men."

We have a statute which provides, that the judge, " in charging the jury, must state to them all matters of law which are necessary for their information in giving their verdict," and that, " if he presents the facts of the case, he must inform the jury that they are exclusive judges of all questions of fact." 2 G. & H. 417. The court is not authorized to tell the jury that certain facts have been proved. *Driskill* v. *The State*, 7 Ind. 338. Though the jury are the exclusive judges of what is proved by the evidence, still it may be summed up by the court. Instructions should be predicated on the whole evidence, and when they have a tendency to restrict the consideration of the jury to isolated facts, to the exclusion of other facts which are before them in evidence, it is not only a misdirection, but an infringement on the province of the triors of the fact. *Chappell* v. *Allen*, 38 Mo. 213; *Fine* v. *The Board*, etc., 39 Mo. 59; *Gallagher* v. *Williamson*, 23 Cal. 331; *Grube* v. *Nichols*, 36 Ill. 92.

The court in charging a jury has no right to assume the existence of a fact which the jury are required to find from the evidence. *Smathers* v: *The State*, 46 Ind. 447, and authorities cited.

Graham & Waterman on New Trials, in discussing the duty of the court in charging a jury, say : " The correct rule may be stated as follows : When there is testimony which has any legal effect in a cause, it would be error in the court to determine the weight of it, or the fact which it did or did not ascertain. But whether evidence tends to prove anything pertinent to the issue, is a question for the court ; and if there be no testimony that ought to have any legal effect, it is not error for the court to inform the jury that it does not prove what it does not tend to prove." Vol. 3, p. 731. *Wiswall* v. *Ross*, 4 Porter, 321.

In *Kintner* v. *The State*, 45 Ind. 175, it was held, that " in instructing a jury it is error for the court to assume the truth of matters which have not been proved, or of matters concerning which the testimony has been conflicting, and indicate the leaning of the court against one of the parties."

We think the thirteenth instruction was erroneous, because it singled out and gave undue prominence to particular facts and circumstances, and because it assumed that the accused was guilty of a crime.

We can see no objection to the fourteenth instruction.

We think the fifteenth instruction was clearly erroneous. The appellant was put upon his trial for the crime charged in the indictment. He proved that he was a minor, and this gave to the jury the discretion to imprison him either in the county jail or penitentiary, if he was found guilty. There was no evidence tending to show, nor could there have been any legally admitted, that he had been guilty of other crimes than the one charged against him. He did not put in issue his character for honesty, and consequently the State had no right to offer evidence affecting his general character. The court had no right to direct the jury to inquire and determine whether he was young in years but old in crime. The jury

had no means of knowing whether he was old in crime. We think that this instruction was well calculated to improperly control their discretion as to the punishment which should be inflicted, and indicated a very strong leaning of the court against the appellant.

The judgment is reversed, with costs; and the cause is remanded for a new trial; and the clerk will certify this opinion and give the proper order for the return of the prisoner.