WILLIS v. THE STATE.

CRIMINAL LAW.—*Motion for New Trial.*—*When to be Made.*—The motion for a new trial in a criminal case must be made before judgment is rendered, but in civil actions it may be made either before or after.

From the Fountain Circuit Court.

*J. W. Copner*, for appellant.

*T. L. Stilwell*, Prosecuting Attorney, and *T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—This was an indictment against the appellant for retailing intoxicating liquor without a license.

Trial by the court; conviction and judgment.

The only question sought to be raised in the case relates to the ruling of the court in overruling a motion for a new trial.

But the motion for a new trial was not made until after the judgment was rendered. It therefore came too late. In civil cases a motion for a new trial may be either made before or after judgment at the term at which the trial is had. *Hinkle* v. *Margerum*, 50 Ind. 240. Not so, however, in criminal cases. The statute in relation to criminal pleading and practice provides, that " The application for a new trial must be made before judgment." 2 R. S. 1876, p. 409, sec. 143.

In *Romaine* v. *The State*, 7 Ind. 63, it was intimated that a motion to set aside a judgment, in order to give effect to a motion for a new trial, could not be granted. This strict construction might, in some cases, operate as a very great hardship; but we, in this case, decide nothing upon the point. For the purposes of this case, it is sufficient to say that there was no motion to set aside the judgment, in order that the motion for a new trial might be properly made. Moreover, the causes assigned for a new trial were as well known before as after the rendition of the judgment.

The judgment below is affirmed, with costs.