Burke *v*. The State.

No. 9247.

## BURKE *v*. THE STATE.

CRIMINAL LAW.—*Liquor Law.*—*Selling Without License.*—*Instruction.*—*Partnership.*—On the trial of a defendant indicted for selling intoxicating liquors without license, he set up as a defence that the sale was made by him as the employee of A., who had license. The State introduced evidence to prove that he was the employee of A. & B., partners.

*Held*, that it would not be error to refuse to instruct the jury, on request of the defendant, that "it is assumed by the State in this case that there was a partnership between A. & B.," thus restricting the prosecution to a single theory on the evidence.

*Held*, also, that there being evidence to which an instruction, asked by the defendant and not included in any instruction given, was pertinent, the instruction should have been given; and there being upon the facts stated in the instruction no partnership between A. and B., the defendant had a right to have the jury so informed.

SAME.—*New Trial.*—*Practice.*—In criminal cases the motion for a new trial is in time if filed before judgment.

PRACTICE.—*Affidavit.*—*New Trial.*—*Supreme Court.*—Where an affidavit, filed in support of a motion for a new trial, is not made a part of the record, either by an order of court or by a bill of exceptions, although copied in the transcript, it will not be considered by the Supreme Court.

From the Monroe Circuit Court.

*J. R. East* and *W. H. East*, for appellant.

*D. P. Baldwin*, Attorney General, *M. S. Mavity*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

WOODS, J.—Indictment, trial and conviction for the sale of intoxicating liquor without license. It is claimed that the court erred in overruling the motion for a new trial.

Among the causes assigned for a new trial is the alleged misconduct of a juror, in having expressed an opinion which disqualified him. The affidavit filed in proof of this cause is not made a part of the record, either by order of the court or by a bill of exceptions, and the insertion of a copy thereof in the transcript, by the clerk, was unauthorized. This question is, therefore, not before us.

The court gave six instructions of its own motion, but refused two special instructions asked by the defendant.

There was no error in refusing the first of the instructions so asked. It starts out by saying : "It is assumed by the State in this case, that there was a partnership between Fitzpatrick and Douglass." Whatever view might be taken of the following part of the instruction, the case was not such as to warrant the court in giving the statement just quoted to the jury. There was another theory that the State may just as well, and perhaps more truthfully, have assumed, on the evidence, and the defendant had no right to restrict the prosecution to a single theory.

The second instruction asked by the defendant, and refused, was as follows : "If you find that Douglass was the owner of the stock, and responsible for all purchases made, and had authorized Fitzpatrick to act for him in carrying on his business, pay his bills and the necessary expenses incurred in the business, then the mere fact that Fitzpatrick was to receive a compensation for his services, dependent upon the profits, if there were any, would not constitute Fitzpatrick a partner in the business, but he would be a mere employee or agent of Douglass. But the manner of the payments of Fitzpatrick's compensation, and the terms of it, and all the circumstances in the case, may be, and ought to be, considered by you in determining whether such partnership existed between Douglass and Fitzpatrick."

The significance of the question, whether the partnership mentioned existed, is in this : Douglass had a license, and the appellant defended on the ground that he was the employee of Douglass, and under his license had a right to make the sale, of which he was charged. In reply to this, it was claimed that the defendant was the employee of Douglass and Fitzpatrick, by whom, as partners, the business was conducted, and the license issued to Douglass was no license to the firm and constituted no defence to the employee of the firm.

There was evidence in the case to which the instruction

was pertinent, and it is not included in any or all of the instructions which the court gave of its own motion.   Upon the facts  stated in the instruction there was no partnership, and the defendant had a right to have the jury so informed.   *Macy* v. *Combs*, 15 Ind. 469 ; *Emmons* v. *Newman*, 38 Ind. 372.

The attorney general makes the point that the motion for a new trial came too late, and should not be considered, and cites *Wilson* v. *Vance*, 55 Ind. 394.

The verdict was rendered on the 26th day of November, 1880, and an oral motion made for a new trial at once, but this was not acted on by the court.   On the 6th day of December, following, and at the same term of the court, the "motion and reasons in writing" were filed and overruled, and, the defendant having excepted to the ruling, the court gave judgment on the verdict.

In criminal cases, the motion is in time if filed before judgment.   2 R. S. 1876, p. 409, sec. 143.   The case cited has reference only to the practice in civil cases.   See *Jenks* v. *The State*, 39 Ind. 1.

Judgment reversed, with instructions to grant a new trial.