McCalment v. The State.

No. 9796.

McCALMENT v. THE STATE.

CRIMINAL LAW.—*Statute Construed.—Code of* 1881.—*Instruction.*—Until the criminal code of 1881 went into effect, on the 19th of September, 1881, existing laws upon that subject were in full force, and pending prosecutions for offences committed thereunder did not abate by the taking effect of that act, but the procedure in such prosecutions is governed by the law of 1881; and the refusal of the court, upon request, after the conclusion of the argument upon the trial in such a prosecution, to instruct the jury in writing, is not error, by the provisions of the sixth clause of sec. 248, Acts 1881, p. 161.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton* and *N. M. Taylor,* Prosecuting Attorney, for the State.

ELLIOTT, C. J.—Appellant was convicted of a misdemeanor, charged to have been committed on the 6th day of August, 1881, and from the judgment of conviction prosecutes this appeal.

Counsel argues that the affidavit ought to have been quashed, because, at the time the offence is charged to have been committed, there was no statute in force defining the offence charged. The position assumed is, that the statute in force prior to the adoption of that of 1881 was repealed, and that, as the act of 1881 did not take effect until September 19th, 1881, there was no law in force when the offence was committed. This position is entirely destitute of strength. The statute of 1881 did not have any effect whatever, either as a repealing act or otherwise, until it went into force, on the 19th of September. Until that date, the statutes which had been previously enacted were in full force. *The Evansville, etc., R. R. Co. v. Barbee,* 59 Ind. 592.

Complaint is made that the court admitted incompetent testimony, but it can avail nothing, for the admission of evidence is not assigned as a reason for a new trial.

It is contended that the court instructed the jury orally, although the appellant requested that the instructions should be in writing. The bill of exceptions states, that, after the argument in said cause was concluded, the appellant asked the court to instruct the jury in writing; that the court denied appellant's request, and gave oral instructions. In this there was no available error. The request to instruct in writing was not made in time. The criminal code of 1881, under which the case was tried, provides, that, upon the conclusion of the argument, the court must charge the jury, which charge, upon the request of the prosecuting attorney, the defendant or his counsel, made at any time before the commencement of the argument, shall be in writing. Acts of 1881, p. 162. Offences committed under prior statutes are governed, so far as the procedure is concerned, by the code of 1881, but the offender is not relieved from prosecution by the repeal of former statutes. Acts 1881, p. 239, sec. 300, p. 173, sec. 323.

Appellant has been twice tried and twice convicted, and, in our opinion, both convictions—that before the justice of the peace as well as that in the circuit court—were fully sustained by the evidence.

Judgment affirmed.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.