## SMITH v. THE STATE.

[No. 19,159.    Filed January 26, 1900.]

APPEAL.—*Failure to Discuss Errors Assigned.*—*Waiver.*—Errors not discussed by appellant in his brief are waived.  *p. 107.*

SAME.—*Bill of Exceptions.*—*Instructions.*—Instructions in a criminal case can only be brought into the record by bill of exceptions. *p. 107.*

From the Warren Circuit Court.    *Affirmed.*

*J. A. Lindley* and *O. P. Lewis,* for appellant.

*W. L. Taylor,* Attorney-General, *J. W. Brissey, A. T. Livengood* and *V. E. Livengood,* for State.

HADLEY, C. J.—Appellant was convicted, under §2116 Burns 1894, §2029 R. S. 1881 and Horner 1897, of aiding a prisoner to escape.

The errors assigned challenge (1) the action of the court in overruling appellant's motion to quash the affidavit and information, and (2) the overruling of his motion for a new trial.  No infirmity in the affidavit and information is pointed out, and the first assignment is therefore waived under the often repeated rule of this court.  *Dunn* v. *Dunn,* 149 Ind. 424.

As a cause for a new trial it is urged that the court erred in giving, of its own motion, instruction number three.  The instructions are not in the record.  We find copied into the record, but not in a bill of exceptions, what purports to be a set of instructions; but there appears no prefatory recitals of the clerk, no exceptions, no signature of court or attorney, nor any other evidence that they were the instructions given to the jury; besides, it is firmly settled by a long line of decisions that instructions in a criminal case can only be brought into the record by a bill of exceptions.  *Bealer* v. *State,* 150 Ind. 390, and cases cited.

The only other question argued is the sufficiency of the evidence to support the verdict.  The evidence is in sharp conflict.  We have no power to weigh it, and hence can not disturb the judgment.    Judgment affirmed.