## STAPF v. THE STATE.

[No. 5,045. Filed May 24, 1904.]

INTOXICATING LIQUORS.—*Sales.*—*Indictment.*—An indictment under §7285 Burns 1901, for selling intoxicating liquor in less quantity than five gallons at a time, without a license, to be drunk on the premises, need not allege that the sale was made for gain. *p. 256.*

APPEAL AND ERROR.—*Examination of Jurors.*—*Bill of Exceptions.*—The examination of jurors touching their competency to sit as jurors in a cause can not be brought into the record by an original bill of exceptions. *pp. 256, 257.*

SAME.—*Instructions.*—*Record.*—*Criminal Law.*—Instructions in a criminal case can be made a part of the record on appeal only by bill of exceptions. *p. 257.*

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Martin Stapf was convicted of selling liquor without a license, and he appeals. *Affirmed.*

*J. S. Branyan, Milo Feightner* and *J. F. France,* for appellant.

*C. W. Miller,* Attorney-General, and *C. F. Jackman,* for State.

HENLEY, J.—The appellant was charged with the crime of selling intoxicating liquor in a less quantity than five gallons at a time, without license, to be drunk in the house, garden, etc., of the said Martin Stapf. The prosecution was based on §7285 Burns 1901. A motion to quash the indictment was filed and overruled. Appellant pleaded not guilty, and a trial was had by jury resulting in a verdict of guilty, fixing a fine of $30. Appellant's motion for a new trial was overruled.

Counsel for appellant contend that the court erred in overruling the motion to quash the indictment, because it does not aver that the sale charged therein was for the purpose of gain. It was not necessary under the section above cited that the indictment should state that the sale was made for the purpose of gain. See, also, *Schlichtz* v. *State,* 56 Ind. 173.

The only other questions discussed by counsel for appellant relate either to the examination of the jurors regarding their qualifications to serve as such or to the instructions given by the court to the jury on the trial. Counsel attempt to present a question relating to the competency of a juror, based upon certain questions and answers touching his competency to sit as juror in the case, which questions and answers are brought into the record by a bill of exceptions that shows upon its face that it is an original bill of exceptions made by the stenographer and attested by the trial judge. The examination of jurors touching their

competency to sit as jurors in a cause can not be brought into the record by an original bill of exceptions. Nothing but the evidence and its incidents can properly come to this court in the original bill of exceptions. *Holt* v. *Rockhill,* 143 Ind. 530.

The alleged errors discussed by counsel for appellant arising upon the instructions can not be considered, because the instructions are not made a part of the record by a bill of exceptions. This is the only way by which instructions in a criminal cause can be made a part of the record upon appeal. *Utterback* v. *State,* 153 Ind. 545; *Smith* v. *State,* 154 Ind. 107; *Stillwell* v. *State,* 155 Ind. 552.

The record as it comes to us presents no reversible error. Judgment affirmed.