## MILLER v. THE STATE.

[No. 20,672.    Filed November 28, 1905.]

1. INDICTMENT AND INFORMATION.—*Receiving Stolen Goods.— Description.*—An indictment charging that a certain party stole "brass of the value of $25" and that defendant feloniously bought and received "said brass," is sufficient.  p. 567.

2. TRIAL.—*Receiving Stolen Goods.—Evidence.—Variance.—New Trial.—Appeal and Error.*—To present any question on an alleged variance between the proof and the indictment, a proper objection must be made to the admission of such evidence and the same assigned as a reason for a new trial.  p. 568.

3. APPEAL AND ERROR.—*Instructions.—Bill of Exceptions.— Criminal Law.*—No question can be raised on an instruction in a criminal case unless such instruction is made part of the record by a bill of exceptions.  p. 568.

4. EVIDENCE.—*Receiving Stolen Goods.—Witnesses.—Thieves.*— The thieves stealing the goods in question are competent witnesses to prove the theft of such goods as against the defendant receiving same.  *Reilley* v. *State*, 14 Ind. 217, distinguished. p. 569.

5. APPEAL AND ERROR.—*Briefs.—References to Record.—Supreme Court Rules.*—Where appellant's brief fails to point out the pages and lines of the record showing the alleged error, the same is waived.  p. 569.

6. SAME.—*New Trial.—Supplemental Motion for.—Objections.— Demurrer to.*—Defendant's demurrer to the State's objections to the filing of a supplemental motion for a new trial presents no question.  p. 570.

7. NEW TRIAL.—*Time for Filing.—Criminal Law.—Statutes.*— Under §1911 Burns 1901, §1842 R. S. 1881, the motion for a new trial must be made during the term at which judgment was rendered, either before or after such judgment.  p. 570.

8. STATUTES.—*Saving Clause.—Criminal Law.*—Under the act of 1905 (Acts 1905, p. 584, §699) the prosecutions for all offenses committed prior to April 15, 1905, the date of the taking effect of such act, are controlled by the laws of criminal procedure in force prior to such date.  *Robinson* v. *State*, 84 Ind. 452 and *McCalment* v. *State*, 77 Ind. 250, distinguished.  p. 570.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Prosecution by the State of Indiana against Alois Miller. From a judgment of conviction, he appeals.  *Affirmed.*

*Gilbert & Wood* and *Howard L. Townsend,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State

Miller *v.* State—165 Ind. 566.

MONKS, J.—Appellant was convicted of receiving stolen goods in violation of §2012 Burns 1901, §1935 R. S. 1881 and Horner 1901. Appellant's motion to quash the indictment was overruled. The verdict of guilty was returned on the last day of the February term, 1905, of the court below, and on that day appellant's motion for a new trial was filed and overruled, and judgment pronounced upon the verdict. On May 2, 1905, the fourteenth day of the April term, 1905, of the court below, appellant filed a supplemental motion for a new trial, on the ground of newly-discovered evidence, supported by affidavits. On the same day the State filed counter-affidavits and written objections to the filing and consideration of said supplemental motion for a new trial. Appellant filed a demurrer to said written objections, which was overruled, after which the supplemental motion for a new trial was overruled. Appellant has assigned each of said adverse rulings for error.

Appellant objects to the indictment on the ground that the description of the stolen property alleged to have been received by appellant was too uncertain and indefinite. The part of the indictment necessary to the determination of this question reads as follows: "did then and there feloniously take, steal and carry away·brass of the value of $25 of the personal goods and chattels of * * * and Alois Miller and William Miller did then and there feloniously buy and receive said brass," etc.

It is said in Gillett, Crim. Law (2d ed.), §136: "It is not necessary to so specifically describe the property as to identify it from other property of the same class; 'one book,' 'one horse,' are sufficient descriptions." *Turner* v. *State* (1885), 102 Ind. 425; *Dougherty* v. *State* (1863), 20 Ind. 442; *Newcome* v. *State* (1866), 27 Ind. 10; *Dorrell* v. *State* (1881), 80 Ind. 566.

In *Turner* v. *State, supra,* the property was described as "one book of the value of $6, the personal property of Levi W. Welker." The court held said description sufficient,

saying: "The books are full of cases in which it is held that such descriptions as 'one horse,' 'one cow,' 'one hog,' are sufficient, and there is no reason why a different rule should apply here."

It has been held that "one hide," "one ham," "six handkerchiefs," "thirty yards of cloth," "one coat," "one piece of cassimere," "ten yards of brocade silk," "fifteen yards of brown colored satin," "four and one-half yards of brown silk," "one pocketbook," "two horseshoes," are sufficient descriptions. *State* v. *Dowell* (1831), 3 Gill & J. 310; *Reg.* v. *Gallears* (1849), 2 C. & K. 981; *Rex* v. *Nibbs* (1824), 1 Moody 25; *Commonwealth* v. *Campbell* (1869), 103 Mass. 436; *Harrington* v. *State* (1881), 76 Ind. 112; *Dougherty* v. *State, supra; Terry* v. *State* (1859), 13 Ind. 70; Gillett, Crim. Law (2d ed.), §552; Moore, Crim. Law (Ind.), 893, 894. Under these authorities the property charged to have been received by appellant was sufficiently described.

To present any question in regard to a variance between the charge of the indictment describing the property, and the proof in the cause, appellant should have made
2.  his objection to the admission of such evidence at the proper time during the trial, and in the event of an adverse ruling assigned it as a cause for a new trial. Having failed to do this, appellant can not present the question here. *Bradley* v. *State* (1905), *ante,* 397; *Taylor* v. *State* (1891), 130 Ind. 66, 69; *Graves* v. *State* (1889), 121 Ind. 357; *Kruger* v. *State* (1893), 135 Ind. 573.

The refusal of the court to give instruction seven, requested by appellant, is assigned as a cause for a new trial. Instructions given or refused in a criminal case can
3.  only be made a part of the record by a bill of exceptions. *Leverich* v. *State* (1886), 105 Ind. 277, 278; *Stillwell* v. *State* (1900), 155 Ind. 552; *Smith* v. *State* (1900), 154 Ind. 107. As this has not been done in this

case, no question in regard to the refusal of the court to give said instruction is presented by the record.

It is next insisted by appellant that the court erred in permitting the State to prove the larceny of the brass, described in the indictment, by Thomas Hedges and Charley McKenzie, the persons who stole the same, citing *Reilley* v. *State* (1860), 14 Ind. 217. In that case, which was a charge of receiving stolen goods, the trial court admitted evidence of third parties of the confessions made to them by the alleged thief, the same as if he (the thief) had been on trial for the larceny. This was correctly held erroneous on the ground that the confession of the thief was not admissible against the person charged with the crime of receiving the goods stolen by such thief. In this case, however, the larceny of the brass was proved by the persons who stole the same, and not by third persons to whom they had confessed the larceny, as in the case of *Reilley* v. *State, supra.* They were competent witnesses to prove the larceny of said property as against the receiver thereof. 24 Am. and Eng. Ency. Law (2d ed.), 50.

It was assigned as a cause for a new trial that "The court erred in admitting in evidence, over the objection of this defendant, two certain pieces of brass, the pieces of brass not being any part of the brass mentioned in the indictment." Appellant has not pointed out the page and line of the transcript where the ruling or the evidence complained of may be found. It has been uniformly held that when this is not done the court will not search the record to find the same, and will not consider such question. *Indiana, etc., R. Co.* v. *Ditto* (1902), 158 Ind. 669, 672, and cases cited; *Sanders* v. *Scott* (1879), 68 Ind. 130, 132; *Rout* v. *Woods* (1879), 67 Ind. 319, 326; Ewbank's Manual, §182; Elliott, App. Proc., §440. We have, however, examined the record, and have not been able to find that two pieces of brass were admitted in evidence over appellant's objection.

It is next insisted by appellant that the court erred in overruling his demurrer to the written objections of the State to his supplemental motion for a new trial. A demurrer to such objections is unknown to our practice, and the action of the court in overruling the same presents no question for our determination.

Section 1911 Burns 1901, §1842 R. S. 1881 and Horner 1901, provides: "The motion for a new trial must be made before the expiration of the term at which the judgment is rendered." This provision is in regard to motions for a new trial in criminal cases, and it is clear that a motion made at the next term after such judgment was rendered came too late. *Willis* v. *State* (1878), 62 Ind. 391; *Burke* v. *State* (1880), 72 Ind. 392; *Sturm* v. *State* (1881), 74 Ind. 278. The cases cited were under a statute which provided that "The application for a new trial must be made before judgment" (2 R. S. 1876, p. 409, §143), and it was held that, if a motion for a new trial was made after judgment, it came too late, and no error was committed by the trial court in overruling the same. Under §1911, *supra,* in force since September 19, 1881, a motion for a new trial may be made after the rendition of the judgment, but during the term at which it was rendered, and the same rule applies under said section to a motion made after the expiration of such term of court as applied before said section took effect to motions for a new trial made after judgment.

Appellant insists, however, that under §282 of the "act concerning public offenses," approved March 10, 1905, and in force April 15, 1905 (Acts 1905, pp. 584, 646, §1923 Burns 1905), he had thirty days from the date of the verdict, which was April 15, 1905, within which to file said supplemental motion for a new trial. Section 699 of the aforesaid act of 1905, §2360 Burns 1905, expressly provides: "All laws within the purview of this act are hereby repealed; but this repeal shall not affect any

prosecution pending or offenses heretofore committed under existing laws, and such prosecutions and offenses shall be continued and prosecuted to a final determination, as if this act had not passed." It is evident that so far as offenses committed before April 15, 1905, the day said act took effect, are concerned, they are to be prosecuted under the law in force when they were committed, the trial and procedure being in all respects controlled thereby, and in no respect governed by said act of 1905. Appellant cites *Robinson* v. *State* (1882), 84 Ind. 452, and *McCalment* v. *State* (1881), 77 Ind. 250, to sustain his contention that the trial of this cause was governed, so far as procedure is concerned, by the act of 1905 (Acts 1905, p. 584, §§1-344). The code of criminal procedure of 1881 (§1974 Burns 1901, §1901 R. S. 1881) provides in express terms that all prosecutions pending when said act took effect should be continued to final termination under the provisions of said act. It was under this provision that it was held in the cases of *Robinson* v. *State, supra,* and *McCalment* v. *State, supra,* that said offenses, although committed under former statutes, were governed, as to procedure, by the criminal code of procedure of 1881. There is no such provision in the act of 1905, *supra,* and offenses committed under former laws are governed as to procedure by such laws, by virtue of §699 of said act of 1905. Therefore no reversible error was committed in overruling said supplemental motion for a new trial. *Willis* v. *State, supra; Sturm* v. *State, supra.*

Judgment affirmed.