## STIELER v. THE STATE.

[No. 20,745.   Filed May 29, 1906.]

1. STATUTES. — *Saving Clause.* — *Criminal Law.*—The repealing clause of the act of 1905 (Acts 1905, pp. 584, 757, §699, §2360 Burns 1905), providing that pending prosecutions shall not be affected by such act, excludes the operation of such act as to all prosecutions begun before its passage.   p. 548.

2. APPEAL AND ERROR.—*Bill of Exceptions.*—*Time of Filing.*— *Criminal Law.*—Where a judgment of conviction was entered March 18, and defendant's motion for a new trial was overruled May 3, at which time 90 days were given in which to file a bill of exceptions, and such bill was filed July 15, such bill is not in the record, since §1916 Burns 1901, §1847 R. S. 1881, requires such bill to be filed within 60 days "from the time judgment is rendered."   p. 549.

3. SAME.—*Judgment.*—*Motion for a New Trial.*—*Bill of Exceptions.*—*Time of Filing.*—*Statutes.*—The computation of time in which to file a bill of exceptions in a criminal case under §1916 Burns 1901, §1847 R. S. 1881, dates from the overruling of the motion for a new trial.   p. 549.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Prosecution by the State of Indiana against Marie Stieler.   From a judgment of conviction, defendant appeals.   *Affirmed.*

*Edgar Durre, P. C. Gould* and *Edward A. Lorch,* for appellant.

*Charles W. Miller,* Attorney-General, *W. C. Geake, H. M. Dowling* and *C. C. Hadley,* for the State.

HADLEY, J.—Appellant was indicted jointly with George H. McGregor, for procuring, by artificial means, the miscarriage of a pregnant woman.   The jury returned a verdict of guilty against both.

The action was pending when the public offense act of 1905 went into effect, and hence the proceeding is not governed by that act.   Acts 1905, pp. 584, 757, 1. §699, §2360 Burns 1905; *Miller* v. *State* (1905), 165 Ind. 566.

The question presented for decision arises upon the overruling of appellant's motion for a new trial. The complaint is based on the exclusion of certain evidence.

2. The Attorney-General claims there is no bill of exceptions in the record. Judgment was rendered against appellant upon the verdict of the jury, on March 18, 1905. No bill of exceptions was filed or requested before, during the trial or at the time of the rendition of the judgment. On April 19, thirty days after judgment had been pronounced, but within the same term of court, the defendant, Marie Stieler, appeared by new counsel, and filed her motion and reasons for a new trial. On May 3, also within the same term, the court overruled her motion for a new trial, and ninety days time was then given to prepare and file a bill of exceptions. A bill of exceptions containing the evidence was presented, approved and filed on July 15, in vacation. By §1916 Burns 1901, §1847 R. S. 1881, all bills of exceptions in a criminal prosecution must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered. Sixty days' extension of time, after final judgment, is the limit of the judge's power over bills of exceptions in criminal cases. Therefore the time granted by the court beyond the period of sixty days was void. *State* v. *Hunt* (1894), 137 Ind. 537; *Marshall* v. *State* (1890), 123 Ind. 128.

3. The record discloses that the bill was approved and filed on July 15, seventy-two days after the motion for a new trial was overruled. It was then too late to become a part of the record by any legal process.

Judgment affirmed.