## THE STATE v. THOMSON.

[No. 20,729.   Filed June 28, 1906.]

1. APPEAL AND ERROR.—*Original Bill of Exceptions.—Precipe.—Criminal Law.*—The original bill of exceptions in a criminal case is not a part of the record on appeal, where the precipe calls only for a transcript thereof.   p. 97.

2. SAME.—*Bill of Exceptions.—Original.—Transcript.—Precipe.—Statutes.*—The act of 1903 (Acts 1903, p. 338, §7), providing that the clerk may certify the original bill of exceptions instead of a transcript, though the precipe calls for a transcript, does not apply to criminal cases.   p. 97.

3. SAME.—*Bill of Exceptions.—Original.—Transcript.—Precipe.—Statutes.*—The act of 1905 (Acts 1905, pp. 584, 648, §289), providing that in appeals in criminal cases the original bill of exceptions may be included in a transcript, instead of a transcript thereof, as requested by the precipe, does not apply to a cause commenced before the taking effect of such act.   p. 98.

From Pike Circuit Court; *E. A. Ely,* Judge.

Prosecution by the State of Indiana against Charles B. Thomson.   From a judgment of acquittal, the State appeals.   *Appeal not sustained.*

*Charles W. Miller,* Attorney-General, *Bomar Traylor* and *Stanley M. Krieg,* for the State.

*J. W. Wilson, Dillon & Ely* and *S. G. Davenport,* for appellee.

JORDAN, C. J.—On December 17, 1904, an indictment against appellee, Charles B. Thomson, was returned in the Pike Circuit Court by the proper grand jury, charging that said Thomson, on December 2, 1904, at Pike county, Indiana, committed the crime of perjury.   To this charge the accused pleaded not guilty, and on a trial by jury a verdict of acquittal was returned and judgment was rendered thereon by the court that he be discharged and go hence without day.   From this judgment the State, by its prosecuting attorney, has appealed to this court under §§1915, 1955 Burns 1901, §§1846, 1882 R. S. 1881.

State *v*. Thomson—167 Ind. 96.

The rulings upon which the errors assigned are predicated relate to the exclusion of certain evidence offered by the State. It is claimed by its counsel that this evidence, together with the rulings of the court thereon and the exceptions reserved thereto, is exhibited by the original bill of exceptions which has been certified up by the clerk of the lower court, instead of a transcript thereof.

1.

It appears that the prosecuting attorney made and filed with the clerk below a precipe for a transcript. This precipe is attached to and made a part of the clerk's certificate to the record herein. By this precipe the clerk was requested and directed to prepare and "certify a full, true and complete transcript of the proceedings, papers on file and the judgment" in the cause, "to be used on appeal to the Supreme Court." The precipe in no manner directed or requested the clerk to certify the original bill of exceptions. We are met with the contention of counsel for appellee that because the clerk has certified up the original bill of exceptions instead of a transcript thereof as directed, said original bill cannot be considered as a part of the record in this appeal. We have repeatedly held that in appeals to this court, where the precipe made by the party taking the appeal calls for a transcript of the proceedings or record, etc., and that thereupon the clerk certifies up the original bill of exceptions, instead of the transcript as requested, such original bill does not, under the circumstances, become a part of the record and therefore cannot be considered. *Boos* v. *Lang* (1904), 163 Ind. 445, and the numerous cases cited on page 448.

The provisions of section seven of an act concerning civil procedure, approved March 9, 1903 (Acts 1903, p. 338, §641g Burns 1905), are not available to authorize us in this appeal to consider or regard the original bill of exceptions as a part of the record, because the provisions of that statute are confined to pro-

2.

cedure in civil causes and have no application to a criminal case.

It is also true that §289 of an act of the legislature "concerning public offenses," approved March 10, 1905 (Acts 1905, p. 584, §1930 Burns 1905), provides that

3. "in case an original bill of exceptions shall be incorporated into the transcript of the record of any case on appeal, such original bill shall, in every case, constitute a part of such transcript, as if copied therein by the clerk, whether such original bill or copy thereof, be specified in the precipe or otherwise directed to be incorporated in such transcript." This provision, however, does not apply to or control in criminal prosecutions commenced, as in this case, prior to the taking effect of said act of 1905. *Miller* v. *State* (1905), 165 Ind. 566; *Stieler* v. *State* (1906), 166 Ind. 548.

For the reasons stated we hold that the original bill of exceptions as certified in this appeal cannot be considered or regarded as part of the record. The evidence in question and the rulings of the trial court in excluding it, and the exceptions reserved, are, therefore, not presented by the record, and the appeal cannot be considered on its merits.

Appeal not sustained.