[No. 2913. Decided June 7, 1898.]

THE STATE OF WASHINGTON, *Respondent*, v. ISAAC JOHNSON AND NICK SHTY, *Appellants*.

ROBBERY — SUFFICIENCY OF INFORMATION — DESCRIPTION OF PROPERTY TAKEN — INSTRUCTIONS.

In an information charging robbery of money it is sufficient to describe the property taken as lawful money, without any further designation thereof, under Code Proc., § 1253 (Bal. Code, § 6859) which provides that in an indictment or information for larceny or embezzlement of money, it is sufficient to allege the larceny or embezzlement to be of money, without specifying the coin, number, denomination or kind thereof.

'An instruction charging the jury to bring in a verdict for defendants unless they find that defendants forcibly took from the person of the prosecuting witness lawful money of the United States belonging to him, with the intent to convert the same to their own use against the will of said prosecuting witness, is sufficient, as the words used are equivalent to describing the act as feloniously done..

No error can be predicated upon the court's omission to define the phrase " reasonable doubt," when there is no request therefor.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.   Affirmed.

*William Parmerlee (Hart & Parmerlee*, of counsel), for appellants.

*James F. McElroy, John B. Hart*, and *Walter S. Fulton*, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The appellants were convicted of robbery under an information the essential parts of which are as follows:

" They, the said Isaac Johnson and Nick Shty, in the county of King, state of Washington, on the 10th day of January, A. D. 1898, unlawfully, wilfully, forcibly, feloniously and by violence and putting in fear one John Adams, did then and there forcibly and feloniously take from the person of said John Adams certain articles of value, to-wit:   Seventy-five dollars in money of the United States, the same being of the value of seventy-five dollars in the lawful money of the United States and the same being the personal goods and property of the said John Adams."

A demurrer was interposed to this indictment, which was overruled by the court, and the action of the court in overruling the demurrer is the first assignment of error here, the contention being that the information does not in any manner designate or specify the coin, number, or

denomination or kind of money alleged to have been taken. It may be conceded that at common law this information would not have been good, but we think the objection has been obviated by statute.

Section 1253 of the Code of Procedure (Bal. Code, § 6859) provides that,

"In an indictment or information for larceny or embezzlement of money, bank notes, certificates of stock or valuable securities, or for a conspiracy to cheat or defraud a person of any such property, it is sufficient to allege the larceny or embezzlement, or the conspiracy to cheat and defraud, to be of money, bank notes, certificates of stock, or valuable securities, without specifying the coin, number, denomination or kind thereof."

It is contended by the appellants that the common law requirement has not been changed by statute so far as indictments for robbery are concerned, but that the statute applies only to informations for larceny or embezzlement. We do not think that this restricted construction can logically be placed upon the statute. Robbery is larceny with the element of force added. Mr. Bishop, in his work on Criminal Law, in Vol. 2 (8th ed.) § 1159, says:

"Robbery charges a larceny together with the aggravating manner which makes it, in the particular instance, robbery. For example, the property is described the same as in larceny; the ownership is in the same way set out, and so of the rest."

We think the indisputable fact that robbery is a larceny of an aggravated kind would be a sufficient answer to appellants' contention in this respect, but it has also been held that,

"It is a principle of interpretation that what is newly created by statute has the same incidents as if it existed at the common law. Therefore if a statute makes it larceny to steal a thing not the subject of larceny at the common law, it is by legal consequence robbery to take this thing

forcibly from the person of one put in fear." 2 Bishop,
New Criminal Law, § 1160.

It follows that to determine the sufficiency of the de-
scription of the stolen money we must inquire as to the
particularity of the description required in charges of lar-
ceny; and, as we have before seen, in a charge of larceny,
under the statute, the indictment is sufficient.

It has been held, in accordance with this rule, in *Bren-
non v. State*, 25 Ind. 403, that,

" in an indictment for robbery the description of the prop-
erty taken need not be more particular than is required in
charging a larceny."

And so to the same effect is *McEntee v. State*, 24 Wis.
43, where a great many cases are cited in support of the
announcement.

The same rule is substantially announced by Bishop on
Statutory Crimes (2d ed.) § 139.

We think no error was committed by the court in over-
ruling the demurrer.

It is also contended that the court erred in eliminating
the question of larceny from its instructions to the jury.
We think in this instance that the omission was harmless,
for the reason that the court instructed the jury that if
they found that the defendants did not forcibly take the
money from the prosecuting witness, their verdict should
be not guilty. The instruction was as follows:

" Unless you are convinced from the evidence to a moral
certainty and beyond any reasonable doubt that in King
County, state of Washington, during the month of Janu-
ary, 1898, and on or about the 10th day of said month,
defendants forcibly took from the person of the prose-
cuting witness Adams at least some of the lawful money
of the United States mentioned in the information, and
that said money, if such there actually was, was the money
of said Adams, and that defendants then and there forcibly
took the same, with the intent to convert the same to their

own use, against the will of said Adams, then your verdict must be for defendants; that is, not guilty."

The court continuing said:

"If the jury believe from the evidence that there was no offense in this cause on the part of defendants other than the mere stealing of money or snatching the same from the person of Mr. Adams, without resistance on his part, then your verdict will be for defendants. Unless witness Adams resisted the efforts of the defendants to get his money, if such effort there was, and such resistance was overcome by force, there must be no conviction in this case."

So that it will be seen that the instruction of the court was more beneficial to the defendants than the instruction asked of the court, in their behalf. The word "feloniously," omitted from the instruction, we think was covered by the words used in the instruction.

The court not having been requested to define the phrase "reasonable doubt," no error can be predicated upon its omission to do so. So far as the distinctions between robbery and larceny are concerned, in this case the undisputed testimony shows that if a crime was committed at all it was the crime of robbery.

The judgment will be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.