[No. 5791. Decided December 7, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK SMITH, *Appellant.*[1]

CRIMINAL LAW—ROBBERY—EVIDENCE—SUFFICIENCY—UNCERTAINTY OF REFERENCES BY WITNESS. The evidence of a robbery committed by the accused is not insufficient by reason of the fact that only two of the three persons charged participated in the crime and the references in the record on appeal to the gestures of the witness do not make clear to whom reference was made, there being competent evidence warranting the verdict.

SAME — OWNERSHIP OF PROPERTY — PLEADINGS AND PROOF — VARIANCE—TITLE TO MONEY. Under an information charging robbery by the taking of a certain sum of money belonging to the prosecuting witness, evidence that part of the money taken belonged to him is sufficient proof of title to sustain a conviction.

SAME—INFORMATION—ALLEGING ASPORTATION. An information for robbery charging the offense in the language of the statute is sufficient without alleging asportation other than by stating that the accused took the property from the person of the prosecuting witness.

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered December 21, 1904, upon a trial and conviction of the crime of robbery. Affirmed.

*E. B. Preble* and *D. L. Crowder,* for appellant.

FULLERTON, J.—The appellant was convicted of the crime of robbery, and appeals from the judgment and sentence pronounced against him.

[1]Reported in 82 Pac. 918.

It is first contended that the evidence was insufficient to justify the verdict; the precise objection being that three persons were arrested and accused of the robbery, while the evidence showed that only two of the three participated therein, and failed to show which two of the three it was that so participated. But as we read the record, the evidence shows that all three of the accused had an active part in the commission of the crime. It is true that the prosecuting witness, when detailing the circumstances of the crime, sometimes referred to the individual of whom he was speaking by gesture, or by saying, "that man," or "that man there;" and that the record, as brought here, does not, in each instance, make it clear to whom he had reference, but this is not fatal to the judgment. This court examines the evidence for the purpose only of ascertaining if there was competent evidence introduced at the trial from which the jury were warranted in finding the verdict they returned. In this case, we find such evidence aside from that part containing the uncertain references.

The information charged that the money the defendants were accused of taking was the personal property of one John Malasett, the prosecuting witness. Malasett's testimony was to the effect that the defendants robbed him of $37.25, $7 of which he earned picking hops, and $30.25 of which he won by gambling. The appellant contends that there was a fatal variance between the allegations and the proof in respect to the ownership of the property; because, he argues, title to property won by gambling is in the person from whom it was won, and not in the winner. But if we were to concede that the prosecuting witness had no title to that part of the money taken from him which he won while gambling, still the case would not fail. It was shown that $7 of the money taken was his legitimately. This is sufficient to sustain the conviction. To fail to prove the allegations of the information precisely as laid is not fatal. It is

sufficient if the substance of the allegations be proven, and to prove that any part of the money taken was the property of the person alleged to be the owner, is to prove the substance of that issue.

The information charges that the defendants "did . . . forcibly and feloniously take from the person" of the prosecuting witness certain property, but does not allege that they "carried away" the property so taken, and it is contended that this is a fatal defect entitling the appellant to a reversal. There is no merit in this contention. The information follows the language of the statute, and asportation is sufficiently alleged by the allegation that the defendants took the property from the person of the prosecuting witness. The cases where this precise question has been determined are not many, but the only one called to our attention which supports the appellant's contention is *Commonwealth v. Clifford,* 8 Cush. 215. There it was held that an information failing to allege that the property taken was carried away is fatally defective. But other states where the question was squarely raised, have declined to follow the rule. See, *Terry v. State,* 13 Ind. 70; *Thompson v. State,* 35 Texas Cr. Rep. 511, 34 S. .W. 629; *Keeton v. State,* 70 Ark. 163, 66 S. W. 645. This court, also, in *State v. Johnson,* 19 Wash. 410, 53 Pac. 667, approved an information for robbery where the asportation was charged in the language used in the present information; the precise question, however, seems not to have been called to the attention of the court. So the supreme court of California, in *People v. Walbridge,* 123 Cal. 273, 55 Pac. 902, on the appeal of the state, reversed a judgment holding an information insufficient where the asportation was charged in the language used in the information before us. In this case, like the one from this court, the precise question was not discussed, but it would seem that the question would not, in either case,

have escaped the attention of both court and counsel, had it been deemed material.

The judgment is affirmed.

MOUNT, C. J., CROW, ROOT, DUNBAR, and HADLEY, JJ., concur.