[No. 19500. Department One. December 1, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK BYERS, *Appellant.*[1]

CRIMINAL LAW (16)—CAPACITY TO COMMIT CRIME—INTOXICATION—EXISTENCE OF SPECIFIC INTENT—INSTRUCTIONS. Since voluntary intoxication, may, under Rem. Comp. Stat., § 2258, be taken into consideration, where motive or intent is a necessary element of the offense charged, it is error, in a prosecution for robbery, to instruct that the fact of voluntary intoxication would not excuse the accused from any act which he had done, there being evidence of a degree of intoxication sufficient to preclude felonious intent.

APPEAL (144)—PRESERVATION OF GROUNDS—EXCEPTIONS—MODE OF TAKING EXCEPTION TO INSTRUCTIONS. Where the statement of facts, certified by the judge, shows exceptions to instructions, error may be assigned thereon, though no written exceptions were filed and no oral exceptions are disclosed by the record.

Appeal from a judgment of the superior court for King county, Abel, J., entered April 9, 1925, upon a trial and conviction of robbery. Reversed.

[1]Reported in 241 Pac. 9.

*Henry Clay Agnew,* for appellant.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respondent.

ASKREN, J.—Appellant was convicted of the crime of robbery, and from sentence thereon, brings the case here for review.

Several assignments of error are urged, the only one of which appears to be well taken has to do with an instruction given by the trial court. The appellant was charged with taking, by force and violence, from the person of one Hughes, thirteen dollars. There was much evidence showing that appellant and the witness Hughes had been drinking just prior to the robbery. It was the contention of appellant that both of them were badly intoxicated at the time, the appellant testifying that his condition of mind was such that he could not remember distinctly what happened; that he was so drunk that "I kind of knew what I was doing and yet I didn't know what I was doing;" and that he would not "swear to what was what on any of it." One of the issues framed under the evidence revolved around the condition of the witness Hughes and of appellant at the time. The trial court gave an instruction on intoxication as follows:

"Under the laws of this State, voluntary intoxication, whether caused by drink or drugs existing at the time of the commission of a crime is not a defense to a charge of crime, therefore, if you find from the evidence that the defendant at the time the crime is alleged to have been committed was voluntarily intoxicated, the fact of such intoxication would not excuse him from any act which he may have done."

Appellant complains of this instruction because, by its express language, it took away from the defendant his defense that he was so intoxicated that he did not remember what took place, and therefore could not

have formed any intent to steal. Section 2258, Rem. Comp. Stat., provides as follows:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent."

It will be seen from this statute that voluntary intoxication, if it be sufficient to prevent the forming of an intent to commit the offense, is a defense in all those cases where intent is a necessary element to constitute the crime charged. Robbery includes the elements of the crime of larceny, one of which is an intent to deprive the owner or other persons of the things taken. *State v. Dengel,* 24 Wash. 49, 63 Pac. 1104; *State v. Hatch,* 63 Wash. 617, 116 Pac. 286.

"Since robbery includes larceny, the element of intent to steal or *animus furandi* is as essential in robbery as it is in larceny." 34 Cyc. 1797. The rule that intoxication may be a defense to a charge, where it is shown that the intoxication was sufficient to prevent the forming of an intent to steal in robbery cases, is well stated in 23 R. C. L., 1155, as follows:

"So it has been held, on an information for robbery, that while voluntary intoxication is not of itself a complete defense for one who is charged with the commission of an offense, yet evidence that the accused was intoxicated when it is alleged he committed the crime is admissible as a circumstance tending to show that the act of the accused was not premeditated, and for the purpose of ascertaining and determining the status and condition of his mind at that time, and if the accused was so drunk at the time he is alleged to have committed the crime charged as to render him unconscious of his act, incapable of controlling his will, and forming and entertaining a felonious intent, his intoxication is a defense."

It will be seen that the instruction given by the court told the jury that intoxication of the appellant was no defense, whereas the appellant's evidence was such as to indicate a degree of intoxication sufficient to prevent the forming of a felonious intent. Whether or not it was sufficient was a question for the jury, and the court's instruction, while correctly stating the law as far as it went, left out the essential element in cases of this character. The giving of this instruction was reversible error.

Counsel for the state objects to the consideration of this assignment of error upon the ground that no written exceptions were taken to the court's instructions, and much reliance is placed upon our decision in *Coffey v. Seattle Electric Co.*, 59 Wash. 686, 109 Pac. 202; but it would appear that, while the record does not contain any written exceptions to the court's instructions, they were taken in the manner specifically approved in that decision, wherein we said:

"They must still be taken by stating the same to the trial judge, and by him noted in the minutes of the court or embodied in the record of the cause by the stenographer taking such record. Otherwise they are not proper exceptions and of no value to a litigant, either in the court below or here."

While the state has filed a supplemental transcript containing a certificate of the clerk that no written exceptions were filed in his office, and that the record does not disclose any oral exceptions to the court's instructions, yet the statement of facts filed herein contains the following:

"Be It Remembered, that the defendant prior to judgment filed in this cause his amended motion for a new trial and his exceptions to instructions numbered 3, 5, and 7, and that said motion for new trial came regularly before the court for hearing on the 9th day

of April, 1925, upon said exceptions and the affidavits, as follows:— . . ."

This statement of facts is certified to by the trial court as being correct. It appearing therefrom that the exceptions were taken, that the same were presented to the court and by him passed upon on motion for new trial and before judgment was entered, the exceptions are sufficient.

The judgment is reversed, with instructions to grant a new trial.

TOLMAN, C. J., HOLCOMB, and FULLERTON, JJ., concur.