[No. 20911.　Department Two.　April 9, 1928.]

MRS. R. EICHLER, *Respondent*, v. WM. WERNER *et al.*,
*Appellants.*[1]

[1] MORTGAGES (132)—RIGHT TO FORECLOSE—EFFECT OF EXTENSION
OF TIME—CONSIDERATION. Where, after default in the payment
of interest on a mortgage note, the whole sum became due and
action for foreclosure was instituted, an agreement to accept a
sum in excess of the interest last due and dismiss the suit, was
without consideration.

[2] APPEAL (145)—RECORD — EXCEPTIONS TO FINDINGS — NECESSITY.
In the absence of an exception to the finding of the court as to
a reasonable attorney's fee for the foreclosure of a mortgage, it
cannot be disturbed on appeal on account of anything that oc-
curred prior to the finding.

Appeal from a judgment of the superior court for
Clark county, Kirby, J., entered May 4, 1927, upon
findings in favor of the plaintiff, in an action to fore-
close a mortgage.　Affirmed.

*H. W. Arnold,* for appellants.

*Edgar M. Swan,* for respondent.

MAIN, J.—The purpose of this action was to fore-
close a real estate mortgage.　The trial was to the court
without a jury and resulted in findings of fact, con-
clusions of law and a judgment directing the fore-
closure of the mortgage, from which the defendants
appeal.

The facts may be briefly summarized as follows:
September 5, 1925, the appellants executed and de-
livered to the respondent their promissory note for the
principal sum of $1,800, due three years after date,
which was secured by a mortgage upon certain real
estate.　The interest was to be paid semi-annually.

[1]Reported in 266 Pac. 171.

The note contained a provision that, if the interest was not paid when due, "the whole sum of both principal and interest to become immediately due and collectible at the option of the holder of this note." The interest that came due at the end of the first six months period was promptly paid, but the interest due September 5, 1926, with the exception of twenty-five dollars, was not paid. September 14, 1926, the respondent instituted the foreclosure action. Thereafter the appellants claim that they entered into an agreement with respondent whereby she was to accept one hundred and five dollars, which was four dollars in excess of the interest last due and unpaid, and that the foreclosure action should be dismissed and the note and mortgage should run to maturity. The trial court found that this agreement was made, but that it was without consideration.

[1] The appellants claim that the promise to pay the four dollars in excess of the interest due on September 5, 1926, was a good consideration for the agreement. The argument in support of this contention appears to us to overlook the fact that at the time this agreement was made, if it was made—and the evidence is in dispute on that question—there was not only the one hundred and one dollars of interest due and unpaid, but the principal sum, by the terms of the note, had also become due. In agreeing to pay the one hundred and five dollars, the appellants were only undertaking to pay a small part of what they were then under a legal obligation to meet at once. From this agreement, no benefit or advantage resulted to the respondent and no detriment to the appellants, since they were only undertaking to pay a much less sum than was then legally due. There was no consideration for the agreement. In *Miles v. Hamilton,* 106 Kan. 804, 189 Pac. 926, it is said:

"When the indebtedness matured by the default in the interest payment, it became due for all purposes. The debtor owed the creditors the duty of paying the entire amount at once, and the partial performance of this obligation by the immediate payment of a part of the debt could not make enforceable a promise of forbearance, and, as such a promise could not prevent the bringing of an action, it could not interfere with the running of the statute."

[2] The appellants also contend that no attorney's fee should be allowed. The note provided that, in case an action was commenced, such a reasonable sum should be allowed as an attorney's fee as the court might adjudge. The trial court found as a fact that $190 was a reasonable fee. To this finding there is no exception. The respondent opens her brief with a motion that the statement of facts be not considered in this connection. This motion must be sustained. It has been held in a long line of cases that, where no exception has been taken to the findings, we will not look to the statement of facts to see whether the findings are supported by the evidence. Many of the cases will be found assembled in the case of *Beauregard v. Automobile Insurance Co.*, 130 Wash. 163, 226 Pac. 493, and the citations need not be here repeated. The appellants seek to avoid the force of that rule by things which happened prior to the signing and entering of the findings which they claim brought clearly to the attention of the court their position. We do not see how the necessity for exceptions to findings actually made can be done away with by something that happened prior to the time the findings were signed. The case of *State v. Byers*, 136 Wash. 620, 241 Pac. 9, involved exceptions to instructions in a jury case and has no application here. The case of *Ericsson v. Hubbard*, 129 Wash. 351, 225 Pac. 234, is in harmony with the case of *Beauregrad v. Automobile Insurance Co.*,

*supra,* and the cases cited therein. The finding of the trial court as to what would be a reasonable attorney's fee cannot be disturbed.

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, HOLCOMB, and ASKREN, JJ., concur.