[No. 367-3. Division Three. March 14, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. ERVIN LEONARD NEWSON *et al.*, *Appellants.*

*Gordon L. Bovey*, for appellants.

*Philip H. Faris, Prosecuting Attorney*, for respondent.

McINTURFF, J.—The appellants Ervin Leonard Newson and Elmer James Newson were charged with the crime of rape. After waiving a jury the case was tried to the court and a judgment of guilty was entered on January 26, 1971. Defendants appeal. Pending the appeal, Elmer James Newson died; therefore Ervin Leonard Newson is the sole appellant.

The appellant Ervin Leonard Newson was charged by information as follows:

That the said Ervin Leonard Newson on or about the 17th day of April, A.D., 1970, in the County of Whitman, State of Washington, then and there being, did then and there wilfully, unlawfully and feloniously perpetrate an act of sexual intercourse with a female not his wife by

forcibly overcoming her resistance and by preventing her resistance by fear of immediate and great bodily harm which she had reasonable cause to believe would be inflicted upon her, contrary to statute in such case made and provided, and against the peace and dignity of the state of Washington.

The primary issue concerns the trial court's denial of appellant's motion for arrest of judgment or in the alternative for a new trial based upon the contention that the facts as stated in the information do not constitute a crime. We must decide whether the information contains the essential elements of the crime of rape. We answer in the affirmative.

We note that appellant's counsel knew the form of the information long before trial. He had prepared his brief on the issues presented here 10 days before the trial commenced. No pretrial motion for a bill of particulars or any request for enlightenment in regard to the nature of the crime was made.

RCW 9.79.010 reads in pertinent part as follows:

> Rape is an act of sexual intercourse with a female not the wife of the perpetrator committed against her will and without her consent. Every person who shall perpetrate such an act of sexual intercourse with a female of the age of ten years or upwards not his wife:
>
> . . .
> (2) When her resistance is forcibly overcome; or
> (3) When her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her; . . .

Appellant contends that the following elements of the crime of rape were not alleged: (1) sexual intercourse against the will of the female, (2) sexual intercourse without consent of the female, (3) that female was 10 years or upwards. It is further contended that each of the above-stated elements are essential for the information to charge the crime of rape; that the failure to allege these essential elements renders the information constitutionally defective.

Appellant's counsel states that he and his client knew

what his client was charged with and had no doubts about the nature of the charge. Nevertheless he contends the information is constitutionally defective because it does not include essential elements of the crime of rape and the action should be dismissed or he should be given a new trial.[1]

Amendment 10 to article 1, section 22 of the Washington State Constitution provides in pertinent part as follows: "In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, . . ."

Amendment 6 to the United States Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation; . . ."

Appellant relies on *State v. Carey*, 4 Wash. 424, 432, 30 P. 729 (1892), wherein the court reversed a conviction for unlawful practice of medicine because the information did not allege all essential elements of the crime. Quoting from *United States v. Simmons*, 96 U.S. 360, 24 L. Ed. 819 (1878), the court stated:

"But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute."

In *State v. Unosawa*, 29 Wn.2d 578, 188 P.2d 104 (1948) the court reversed a conviction for manslaughter because the information failed to allege instruments used were used with intent to produce miscarriage. The information was not aided by instructions incorporating all the elements of

---

[1]For an excellent treatise concerning the significance of the inclusion of the essential elements of a particular charge in indictments *see Indictment Sufficiency*, 70 Colum. L. Rev. 888 (1970).

the crime of manslaughter, nor was it aided by the common understanding rule. The court said, at page 589:

> It could be contended that, in this case, we should adopt the "common understanding" rule. That rule is to the effect that an information will be considered sufficient, if a person of common understanding can, from the allegations of the information, know the exact nature of the charge against him. We have no quarrel with that rule, *provided the information itself charges a crime.* If the information does not charge a crime, then there is no charge upon which the defendant can be tried or convicted.
>
> Before applying the common understanding rule, we must first determine whether or not the information charges all of the statutory elements of the particular crime involved. Upon being satisfied as to this fact, we can then, and not until then, look to the information as a whole and determine whether a man of common understanding can know the exact nature of the charges against him. *To state the proposition in another way, the common understanding rule cannot be applied in any case, unless and until it is first determined that the information itself does charge a crime.*

(Italics ours.)

In *State v. Royse,* 66 Wn.2d 552, 403 P.2d 838 (1965), the court, after approving the rule cited in *State v. Carey, supra,* said at 557:

> The right of the accused to be apprised by the indictment or information with reasonable certainty of the nature of the accusation against him to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense is zealously guarded in all our cases. *State v. Hoyle,* 114 Wash. 290, 194 Pac. 976 (1921); *State v. Catalino,* 118 Wash. 611, 204 Pac. 179 (1922); *Seattle v. Proctor,* 183 Wash. 299, 48 P.2d 241 (1935).

4 R. Anderson, *Wharton's Criminal Law and Procedure* § 1762 (1957), reads in pertinent part, at page 559:

> The true test is not whether the indictment could possibly be made more definite and certain, but whether it contains every element of the offense intended to be charged and sufficiently apprises the defendant of what

he must be prepared to meet, and whether, in case other criminal proceedings are taken against him later, based on the same matters, the record shows with accuracy to what extent he may plead a former acquittal or conviction in bar of the later proceedings.

(Footnote omitted.)

In *Russell v. United States,* 369 U.S. 749, 763, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962), six persons were convicted of refusing to answer questions pertinent to the question under inquiry. It was held that the indictments were defective in failing to identify the subject under inquiry. The court said:

> As we have elsewhere noted, "This Court has, in recent years, upheld many convictions in the face of questions concerning the sufficiency of the charging papers. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused. [Citing cases.] This has been a salutary development in the criminal law." *Smith* v. *United States,* 360 U.S. 1, 9. [3 L. Ed. 2d 1041, 1048, 79 S. Ct. 991.] "But," as the *Smith* opinion went on to point out, "the substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules." . . .
>
> In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' *Cochran and Sayre* v. *United States,* 157 U.S. 286, 290; *Rosen* v. *United States,* 161 U.S. 29, 34."

Relying on *State v. Meyerkamp,* 82 Wash. 607, 144 P. 942 (1914) defendant contends that the allegation of the element of "want of consent" is not satisfied by the allegation that resistance was forcibly overcome and her resistance was prevented by fear of immediate bodily harm. *Meyer-*

*kamp* states: "The resistance spoken of in the statute is not one of the elements of the crime." However, the primary question decided in *Meyerkamp* was where, as in Washington, rape may be committed in one of several ways, it is proper to charge the commission of the offense in one or all of the ways, where they are not inconsistent or repugnant, although they are stated disjunctively in the statute.

Whether the information alleges the essential elements of the crime of rape in the state of Washington must be measured against the principles set out above.

■ Did the information allege "against her will and without her consent" sufficiently to inform the appellant of that fact? We hold in the affirmative. The allegation that defendant did

> wilfully, unlawfully and feloniously perpetrate an act of sexual intercourse with a female not his wife by forcibly overcoming her resistance and by preventing her resistance by fear of immediate and great bodily harm which she had reasonable cause to believe would be inflicted upon her, . . .

adequately informed the appellant that he was charged with having intercourse against the will and without the consent of a female.

■ Appellant next asserts that the state's failure to allege in the information that the female was 10 years or upwards is fatal to a valid charge of rape. We disagree. Age of the victim is not an element of rape. Under the statutory scheme of RCW 9.79.010 rape is "an act of sexual intercourse with a female not the wife of the perpetrator committed against her will and without her consent."

RCW 9.01.150 provides that the common law shall supplement all penal statutes in the state to the extent it is not repugnant to the statute.

The common-law essential elements of the crime of rape include nonconsensual intercourse with one other than the wife of the perpetrator, but does not include the age of the victim.

At common law a girl under 10 was conclusively pre-

sumed incapable of consent. H. Underhill, *Criminal Evidence, Rape* § 775, at 1735 (5th ed. P. Herrick 1957). The reason for including the "10 years or upwards" language into the Washington statute was merely to perpetuate this common-law presumption of lack of consent. Age not being an essential element of the crime, the information is deemed amended to conform with the proof unless a defendant is prejudiced in a substantial right. Criminal Rules for Superior Court (101.04W(b)); *State v. Richards*, 3 Wn. App. 382, 475 P.2d 313 (1970). The evidence showed the victim was 20 years old at the time of the crime. Appellant was neither misled, surprised nor prejudiced in any manner. We find no error.

Lastly, appellant contends that the trial court erred when it denied his motion for a new trial based upon the state's failure to provide defense counsel a copy of the officer's report immediately preceding his testimony. Detective Bill Paulson testified at trial that commenced November 4, 1970. It was not until November 27, 1970, some time after trial, that the appellant was furnished with the report from the detective. In the report is the following statement:

> Victim states that she was not verbally or physically threatened at any time and that the only time she was struck was as mentioned above when her clothes were being taken off by suspect No. 1.

Prior to trial appellant states that the state furnished him with another statement of the prosecutrix, in which the prosecutrix said, "One of them took me into the bedroom and his friends came in and stuff. I was fighting them a lot . . ."; that the prosecutrix testified that while in the bedroom she resisted vigorously and had to be constrained by others.

The defense contends that had the existence of the statement been known either prior to or during trial it would have been subject to intense cross-examination.

Appellant waived a jury trial and the case was tried to the court. The trial court answered appellant's contention as follows:

[T]o get this in the proper frame of reference, first we must understand, when we had before us the statement of [prosecutrix] in her own handwriting which apparently was given to Officer Paulson. And she says in this statement that—I don't know what page I'm reading on —Page 3. With the help of their friends holding my legs. Now she mentions in this statement that they're holding her legs. She gives this to Officer Paulson, and she talked about the slap. Now Officer Paulson writes a summary, his own, and he says on Page 2, said she was forcibly undressed, and she slapped Suspect No. 1, and he slapped her back with his open hand. And then he says, Officer Paulson, in his report, "See victim's attached statements for detail of alleged rape." Then he proceeds further and says, "Victim states she was not verbally or physically threatened at any time, and that the only time she was struck was as mentioned above when her clothes were being taken off by Suspect No. 1." Now, first, the prosecutrix did not testify on the stand in any way inconsistent with her statements to Officer Paulson. . . . And *so Officer Paulson's summary is really accurate. It's not inconsistent with her statement at all. I am asked to pick out these phrases, "Victim states she was not verbally or physically threatened at any time," and ignore the previous sentence which details the method of the rape,* and say because it is not spelled out that therefore it is inconsistent. In other words, I'm asked to say that you cannot attach a statement, but it has to be repeated. Well, that isn't the law. And I think that is a very strange construction.

(Italics ours.) This explanation adequately explains the court's ruling. We find no error.

Judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied April 16, 1973.

Review denied by Supreme Court June 20, 1973.