[No. 11179–9–II. Division Two. January 24, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT STRONG, *Appellant.*

PETRICH, J., dissents by separate opinion.

*Dianna L. Carlson–Lobrie,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Carolyn Williamson, Deputy,* for respondent.

ALEXANDER, C.J.—Robert Strong appeals his conviction for first degree robbery, contending that the information was fatally defective because it failed to allege the common law element of intent to deprive the victim of his property. We find that the information was sufficient to meet constitutional requirements and affirm.

Strong was convicted of taking money from Adrian Richard at gunpoint. The information charged:

> That ROBERT DONALD STRONG and WILLIE LEE MC KINNEY, in Pierce County, Washington, on or about the 22nd day of January, 1987, did unlawfully and feloniously take personal property from the person or in the presence of Adrian Richard, against such person's will by use or threatened use of immediate force, violence, or fear of injury to Adrian Richard, and in the commission thereof, or in immediate flight therefrom, the defendant or his accomplice was armed with a deadly weapon, to–wit: a firearm, that being a deadly weapon as defined in RCW 9.94A.125, and adding additional time to the presumptive sentence . . ..

Strong made no objection to the information below, but he contends that he may raise the issue for the first time here under the authority of RAP 2.5(a)(3), which allows review of manifest error affecting a constitutional right. There is no such error here, however.

 Not every defect in an information rises to the level of a constitutional error. In *State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985), the court held that

> [t]he omission of *any* statutory element of a crime in the charging document is a *constitutional* defect which may result in dismissal of the criminal charges. [*State v. Bonds,* 98 Wn.2d 1, 16, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983)]; *see also In re Richard,* 75 Wn.2d 208, 449 P.2d 809 (1969); *Seattle v. Morrow,* 45 Wn.2d 27, 273 P.2d 238 (1954); *Seattle v.*

*Jordan,* 134 Wash. 30, 235 P. 6 (1925). Conversely, if the information states each statutory element of a crime, but is vague as to some other matter significant to the defense, a bill of particulars is capable of correcting that defect. In that event, a defendant is not entitled to challenge the information on appeal if he failed to request the bill of particulars at an earlier time.

*See also State v. Thomas,* 73 Wn.2d 729, 730–31, 440 P.2d 488 (1968). This rule was further clarified in *State v. Leach,* 113 Wn.2d 679, 782 P.2d 552 (1989), in which the court said that the "essential elements" rule does not necessarily require that every element of the crime be listed so long as the charging document alleges facts supporting every element of the offense and adequately identifies the crime charged. *Leach,* 113 Wn.2d at 689. The information here stated each of the statutory elements of robbery and it included facts which supported the element of intent. Had Strong had any confusion about why the taking of money from Richard was unlawful, he could have requested that the information be made more definite and certain. He did not, and he has missed his opportunity to do so.

Strong argues that omission of an implied element is also a constitutional defect. However, we find that the information was sufficient to meet due process requirements. The constitutional right violated by an inadequate information is the right of an accused to be informed of the nature and cause of the accusation against him, guaranteed by the sixth amendment to the United States Constitution, and the state constitution, article 1, section 22. *See State v. Bergeron,* 105 Wn.2d 1, 18, 711 P.2d 1000 (1985); *State v. Newson,* 8 Wn. App. 534, 536, 507 P.2d 893 (1973). When this issue is raised for the first time on appeal, the court should test the information's sufficiency by a stricter standard than if the question had been raised first below. Under these circumstances, the courts have held that the information is immune from attack unless it is so obviously defective as not to charge the offense by any reasonable construction. *State v. Smith,* 49 Wn. App. 596, 598, 744

P.2d 1096 (1987), *review denied,* 110 Wn.2d 1007 (1988). That is not the case here.

The omission of any statutory element of a crime is a constitutional defect which may result in dismissal of criminal charges. *Holt,* 104 Wn.2d at 320. The obvious reason for the requirement that the elements be set forth in the information is that an information which does not include the statutory elements does not state a crime. *See State v. Leach,* 53 Wn. App. 322, 329, 766 P.2d 1116 (1989). However, by definition, a complaint stated in the language of a statute defining a crime states a crime. *See State v. Thomas,* 73 Wn.2d at 731. A mental state which is an implied element of the crime as defined by statute is also an implicit part of the charge. Where there is a well established rule implying the requisite mental state as an element of the crime, its omission from the information is of no significance. *See State v. Bower,* 28 Wn. App. 704, 707 n.2, 626 P.2d 39 (1981). Thus, an information need not allege implied elements of the crime if it follows the language of the statute and is sufficient to apprise the accused with reasonable certainty of the nature of the accusation. *See Smith,* 49 Wn. App. at 599 (holding that the court-implied element of knowledge was not a necessary part of an information charging possession of stolen property);[1] *State v. Bower, supra* (information charging the defendant with preventing a prison guard from performing his duties need not include the element of intent); *State v. Orsborn,* 28 Wn. App. 111, 114, 626 P.2d 980 (1980) (information charging negligent homicide need not include requirement that the victim's death be a proximate result of the injuries

---

[1]The dissent contends that *Smith* can be distinguished because the information employed a term of art, which was defined elsewhere in the statute to include the element of knowledge. However, the significance of the definition was in its validation of the use of the term of art. Earlier case law has held that some terms of art are merely conclusions of law and do not sufficiently notify a defendant of the nature of the charge unless accompanied by a statutory definition. *See State v. Heath,* 57 Wash. 246, 106 P.2d 756 (1910) (involving use of the term "assault").

received in the accident), *review denied,* 97 Wn.2d 1012 (1982).[2]

The statutory elements of robbery are (1) a taking of personal property; (2) from the person or in one's presence; (3) by the use or threatened use of force, or violence, or fear of injury; (4) such force or fear being used to obtain or retain the property. *See State v. Allen,* 94 Wn.2d 860, 863, 621 P.2d 143 (1980); RCW 9A.56.190.[3] Here, the information included all of the statutory elements of the crime. It followed the language of the statute and it clearly notified Strong that he was accused of taking personal property from Adrian Richards by force or threat. That was enough to enable him to prepare his defense, and that is all that was required. *State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978).

---

[2]*State v. Hall,* 54 Wash. 142, 102 P. 888 (1909), on which the dissent relies, does not mandate a contrary result. It did not address the issue raised here. Other cases which have considered robbery charges have upheld informations which did not allege intent. *See State v. Baker,* 69 Wash. 589, 125 P. 1016 (1912) (question was whether sufficient acts had been alleged to constitute an attempt); *State v. Smith,* 40 Wash. 615, 82 P. 918 (1905) (information did not say property taken was carried away); *State v. Johnson,* 19 Wash. 410, 53 P. 667 (1898) (insufficient description of property stolen).

While none of these cases involved the question of intent, at least one of these courts implied that it would not approve the language if it were deficient in any material respect. The *Smith* court relied upon the affirmance of similar informations by other courts, involving different challenges to the information. Although the precise issue had not been discussed by those other courts, the *Smith* court said such an omission would not have escaped their attention, had it been deemed material. 40 Wash. at 617–18.

[3]RCW 9A.56.190 states:

"A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear."

The judgment is affirmed.

WORSWICK, J., concurs.

PETRICH, J. (dissenting)—I dissent.

The majority's reasoning is flawed by its failure to distinguish between an information that charges a crime but is so vague and indefinite that the accused is not on notice as to what he must defend and an information that does not allege acts which are proscribed by law. In the former, the right to be informed of the nature and cause of the accusation is implicated. This right is guaranteed by the Sixth Amendment, made applicable to the states by the Fourteenth Amendment, *In re Gault,* 387 U.S. 1, 60, 18 L. Ed. 2d 527, 87 S. Ct. 1428 (1967), and article 1, section 22 of the State Constitution. The latter, which I characterize as the "elements" factor of an offense, simply stands for the proposition that one does not stand accused of a crime if the information does not allege all of the essential elements of the crime.

We are not here concerned with an information that, while charging a crime, is so vague and indefinite that the accused is unaware of what he must meet at trial. We are concerned with an information that does not charge an offense at all because of the lack of a specific element of a criminal offense.

The sufficiency of criminal pleadings is generally tested by the following requirements:

> 1. inclusion of the elements of the offense; 2. providing adequate notice as to the charge; and 3. providing protection against double jeopardy.

2 W. LaFave & J. Israel, *Criminal Procedure* § 19.2(b) (1984).

The distinction between the elements and notice requirement of a charging document was well stated by Division One of this court when it stated:

The constitutional principle is generally formulated in terms of due process, *i.e.,* an accused's right to be informed with reasonable certainty of the nature of the charges in order to prepare a defense and to plead a judgment as a bar to any further prosecution for the same offense. *See State v. Royse,* 66 Wn.2d 552, 557, 403 P.2d 838 (1965); *State v. Ackles,* 8 Wash. 462, 36 P. 597 (1894); Const. art. 1, § 22 (amend. 10).

Given the harsh consequences of a violation, however, it is evident that the essential elements rule constitutes a category sui generis and rests on principles other than notice alone. Even in situations where the notice function has been satisfied, *i.e.,* the defendant has actual notice of the elements of the charged crime and has not been prejudiced at trial by the defective charging document, the *Holt* [*State v. Holt,* 104 Wn.2d 315, 704 P.2d 1189 (1985)] rule mandates automatic dismissal.

*State v. Leach,* 53 Wn. App. 322, 328–29, 766 P.2d 1116 (public indecency conviction reversed for failure to include a statutory element of the offense), *aff'd,* 113 Wn.2d 679, 782 P.2d 552 (1989).

The majority does not dispute, nor can it, that intent to deprive the victim of the property taken is a necessary element of the crime of robbery. *State v. Byers,* 136 Wash. 620, 622, 241 P. 9 (1925); *State v. Faucett,* 22 Wn. App. 869, 871, 593 P.2d 559 (1979). Furthermore, a construction of a statute by the court is as much a part of the statute as if it were originally written into it. *State v. Regan,* 97 Wn.2d 47, 51–52, 640 P.2d 725 (1982); *Yakima Vly. Bank & Trust Co. v. Yakima Cy.,* 149 Wash. 552, 556, 271 P. 820 (1928).

I acknowledge the general rule that a charge in the language of the statute is sufficient to charge a crime. *State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978); *State v. Knowles,* 79 Wn.2d 835, 842, 490 P.2d 113 (1971); *State v. Johnson,* 56 Wn.2d 700, 707, 355 P.2d 13 (1960), *cert. denied,* 366 U.S. 934 (1961); *State v. Forler,* 38 Wn.2d 39, 43, 227 P.2d 727 (1951). However, that is so only if all of the elements of the offense are alleged.

As early as 1909, our Supreme Court held that it was not sufficient to charge the offense of robbery in the language of

the statute. *State v. Hall,* 54 Wash. 142, 102 P. 888 (1909). While recognizing the general rule, the court there specifically held that the crime of robbery falls within the exception.

In *Hall,* the statute then provided:

> Every person who shall forcibly and feloniously take from the person of another, or from his immediate presence, any article of value, by violence or putting in fear, shall be guilty of robbery . . ..

Laws of 1903, ch. 5, § 1. Although the charge in *Hall* was essentially in the language of the statute, it neglected to state that the victim, who was not the owner, had control or dominion of the property that was taken. Concluding that control or dominion of the property taken is essential to the offense where the victim is not the owner, the court held the information fatally defective for not including all the elements of the offense. *Hall,* 54 Wash. at 144.

An information charging premeditated murder in the language of the statute as it then existed, filed 4 years after the shooting, was held fatally defective because it failed to allege that death ensued within 1 year of the assault, then an essential element of the crime. *State v. Spadoni,* 137 Wash. 684, 243 P. 854 (1926).[4] The *Spadoni* court recognized the necessity that the information charge all the elements of the offense when it said:

> It will not do to say that the proofs may or will develop a crime, for this is but to say there is no need of allegation at all.

*Spadoni,* 137 Wash. at 689–90.[5]

---

[4]The common law requirement that death ensue within 1 year was recognized as a constituent element of murder, though not one of the statutory elements, when the court ruled that the statutory extension of the time frame to 3 years in RCW 9A.32.010 was not retroactive. *State v. Edwards,* 104 Wn.2d 63, 68, 701 P.2d 508 (1985).

[5]The necessity of including each and every element of the charged offense in the charging document may be satisfied by employing statutory terms of art. *State v. Smith,* 49 Wn. App. 596, 599, 744 P.2d 1096 (1987), *review denied,* 110 Wn.2d 1007 (1988). In *Smith,* the accused was convicted of second degree possession of stolen property. The information alleged the possession of a stolen vehicle, identified in some detail, without any allegation that the accused knew the vehicle

It is clear from *Hall* and *Spadoni* that the charging document must allege all of the essential elements of the statutory offense even though such elements are not specifically identified by the statute. This requirement is embodied in our Superior Court Criminal Rules which require that the charging document "shall be a plain, concise and definite written statement of the *essential facts constituting* the *offense* charged." (Italics mine.) CrR 2.1(b). Once the State Supreme Court has decided an issue of state law, that interpretation is binding on all lower courts until overruled by the State Supreme Court. *State v. Gore,* 101 Wn.2d 481, 487, 681 P.2d 227 (1984). The majority has not cited, nor is it able to cite, any Supreme Court opinion that expressly or impliedly overrules either *Hall* or *Spadoni.*[6]

---

was stolen. There, the court held that the requirement of including the essential elements of the offense was satisfied because "possession of stolen property" was defined in the statute as meaning possession with knowledge that the property was stolen.

In the case before us, the charging document did not allege that the property was taken with intent to deprive the victim in explicit terms or by any term of art, statutory or otherwise. Because one of the essential elements of the offense was not included in the information, it was constitutionally defective.

[6]The Supreme Court cases cited by the majority essentially deal with vague or indefinite charges subject to a bill of particulars or a motion to make more definite or certain and are not concerned with charges that lack an essential element of the offense. *State v. Bergeron,* 105 Wn.2d 1, 711 P.2d 1000 (1985) (although a bill of particulars may be necessary to identify the *specific* crime intended in the course of a breaking and entering so as to amount to a burglary, the *specific* crime so intended is not an element of the offense and need not be alleged in the information); *State v. Thomas,* 73 Wn.2d 729, 440 P.2d 488 (1968) (charge of second degree assault committed with intent to commit an unspecified felony held to be vague so as to be subject to a timely motion to specify the underlying felony but not subject to a motion to dismiss unless the State refuses to amend); *State v. Grant,* 89 Wn.2d 678, 575 P.2d 210 (1978) (does not involve a missing element of the offense, but simply holds that a complaint charging the offense of obstructing a public officer in the language of the statute is adequate where the statute defines the crime with certainty and that an untimely request for a bill of particulars is subject to denial); *State v. Baker,* 69 Wash. 589, 125 P. 1016 (1912) (issue of intent as a required element of the offense of robbery not raised); *State v. Smith,* 40 Wash. 615, 82 P. 918 (1905) (information alleging that defendant took the property from the victim as set forth in the statute adequately alleged asportation and it was not necessary to allege the property so taken was "carried

Even though *State v. Leach, supra,* called into question the requirement of *State v. Holt,* 104 Wn.2d 315, 320, 704 P.2d 1189 (1985), namely that the charging document state every statutory element of the crime charged, rather than the facts to support the elements of the crime, *Leach* concluded that "any imprecision in delineating the 'essential elements' rule in *Holt* does not alter our conclusions in the two cases we now decide." *Leach,* 113 Wn.2d at 689. In any event, intent to deprive the victim is an essential elemental fact of the crime of robbery. Contrary to the majority's assertion, there are no factual elements set forth in the information before us that supports this intent.

The majority opinion defies logic and common sense. It states that the obvious reason for the requirement that the elements be set forth in the information is that an information that does not include a statutory element does not state a crime. Nevertheless, the majority holds that an information that does not include one of the essential elements of the crime, although not one of the statutory elements, somehow states a crime. In my view, the sufficiency of a charging document should be measured by whether or not all of the essential elements of the offense are alleged. If one or more of the essential elements are missing, a crime is not charged.

I would reverse.

Review denied at 114 Wn.2d 1022 (1990).

---

away"); *State v. Johnson,* 19 Wash. 410, 53 P. 667 (1898) (affirmed the denial of a demurrer to an information which, while alleging forceful taking of $75, did not specify the coin, number or denomination of the money taken).